**Betty DOBSON, Plaintiff, Appellant,**

v.

**Martin A. MAGNUSSON, et al., Defendants, Appellees.**

**No. 90–1740.**

United States Court of Appeals, First Circuit.

Heard Dec. 3, 1990.

Decided Jan. 17, 1991.

Paul F. Macri with whom William D. Robitzek and Berman, Simmons & Goldberg, P.A., Lewiston, Me., were on brief, for plaintiff, appellant.

Diane Sleek, Asst. Atty. Gen., with whom James E. Tierney, Atty. Gen., was on brief, for defendants, appellees.

Before BREYER, Chief Judge, ALDRICH and COFFIN, Senior Circuit Judges.

BAILEY ALDRICH, Senior Circuit Judge.

This is a 42 U.S.C. § 1983 action brought by the personal representative of the estate of David Dobson against officers at the Maine State Prison for damages on account of Dobson's suicide. After various affidavits, depositions, and stipulations had been filed, defendants moved for summary judgment. In a recitation of facts and conclusions, a magistrate recommended the allowance of the motion. The court ordered judgment for all defendants, and plaintiff appeals. We affirm.

The basic facts are these. On April 26, 1987, Dobson escaped from custody, but that very night called and said he would turn himself in. He was picked up and brought to the Pre–Release Center. On April 27 he went before a disciplinary board and was ordered to serve 30 days in segregation at the Maine State Prison. At that point he turned self-abusive, and was put in security gear. Later on April 27 he was brought to the prison by officer Foster and received by defendant officer Flint. At one time there was a dispute whether Foster told Flint of Dobson's seeming suicidal tendencies, see *post*, but he was not so entered.

On April 28, about 12:30 p.m. Sergeant Burtt felt Dobson appeared suicidal, placed him on 15 minute watch, and notified the psychological staff. After examination, the psychologist's opinion was noted on the record. In part it read,

> [Though] distressed and anxious ... there was no indication that he had an intent to die. Because there was some indication that he might engage in self-injurious behavior (although without lethal intent), as a precaution, I continued the 15–minute watch put on by Sergeant Burtt.

This did not include deprivation of bed linen.

Shortly after a 7:30 p.m. check by defendant officer Prescott, there were disturbances in the prison. Prescott failed to check Dobson again until 8:14, at which time he was found dead, hanged by a sheet. Plaintiff sues Flint, Prescott, and Prison Warden Magnusson.

The established law is that plaintiff must show deliberate indifference by defendants. *Estelle v. Gamble*, 429 U.S. 97, 104–06, 97 S.Ct. 285, 291–92, 50 L.Ed.2d 251 (1976). Plaintiff claims it should include gross negligence short of that. *Contra Gutierrez–Rodriguez v. Cartagena*, 882 F.2d 553, 559, 562, 567, 567 n. 11 (1st Cir.1989).

*Flint*

■ Although there was a contradiction, for reasons that do not appear (perhaps recognizing that Flint's denial would pre-

vail with a jury, where confirmed by the fact that he ordered no suicide watch), plaintiff stipulated at the pretrial that Flint, on receiving Dobson, was given no history of suicidal tendencies.[1] The claim that he should, on his own, have detected a suicidal tendency is empty. Moreover, any failure on Flint's part to order a watch became *res inter alios* in light of the fact that a watch was otherwise ordered prior to the event. Plaintiff's attempt to overcome this by claiming Flint guilty of reckless indifference in not depriving Dobson of sheets, thus going even beyond the psychologist, is frivolous in the extreme.

### Prescott

■ Of more possible consequence is the claim against Prescott, who failed to make the 7:45 and 8:00 check-ups. Instead, he gave attention, with others, to two disturbances: a prisoner's threat to throw water, and the lighting of a fire by another in a corridor. The water was turned off and the first prisoner and his cell were searched. Prescott's final activity, which took place shortly after 8:00, was inventorying the cell.

We concede that a jury could find that Prescott was forgetful, or that his judgment to place at least the last of these undertakings ahead of checking on Dobson was faulty. We agree with the district court, however, that it could not be thought so faulty as to indicate indifference, deliberate or otherwise. If this watch had been, as plaintiff constantly calls it, a suicide watch, we might feel differently, but the psychologist, whose notes, *ante,* Prescott had read, expressly rejected that seriousness.

### Magnusson

■ Plaintiff's claim against the warden for providing inadequate training is as empty as the claim against Flint. We see no point in recounting the details. We note, moreover, that plaintiff's entire claim is directed to the special attention allegedly demanded for suicide watches,[2] which this

was not. Counsel should adhere to the record. An appeal is not a lottery, based on the hope that the court will not notice discrepancies.

*Affirmed.*

---

1. Plaintiff moved thereafter, without explaining his prior conduct, to vacate the stipulation. The court refused. We find no error.

2. E.g., "[T]here was no training on prioritization between a suicide watch and other crises."