BLISSIT, Appellee and Cross–Appellant,

v.

BLISSIT, Appellant and Cross–Appellee.

[Cite as *Blissit v. Blissit* (1997), 122 Ohio App.3d 727.]

Court of Appeals of Ohio,
Second District, Greene County.

No. 96 CA 87.

Decided Sept. 19, 1997.

*Mark E. Stone,* for appellee and cross-appellant.

*Douglas B. Gregg,* for appellant and cross-appellee.

WOLFF, Judge.

James A. Blissit, Jr., appeals from a final judgment and decree of divorce of the Greene County Court of Common Pleas, Domestic Relations Division. Maria Blissit cross-appeals from a judgment entry denying her motion for attorney fees.

The facts and procedural history are as follows.

The Blissits were married in October 1976, and Mrs. Blissit filed a complaint for divorce on May 23, 1994. Two children had been born of the marriage. The parties engaged in negotiations over the terms of their divorce, but they were unable to agree on many issues. By March 1996, each party had submitted a proposed final judgment and decree of divorce to the court, and the differences in these documents highlighted the unresolved issues between the parties.

On March 22, 1996, a magistrate conducted a hearing at which the unresolved issues were discussed. In doing so, the magistrate used Mrs. Blissit's proposed decree ("Joint Exhibit 1") as a starting point, and the parties discussed how they would resolve matters which were still in dispute. At the end of the hearing, the parties indicated their beliefs that they had reached an equitable agreement and that they wanted the court to make its final order.

On April 29, 1996, the magistrate filed his decision in the form of a final judgment and decree of divorce subject to the trial court's approval. Mr. Blissit filed general objections to the decision on May 10, 1996, and a supplemental memorandum in support of the objections on June 5, 1996. On May 21, 1996, along with her reply to Mr. Blissit's objections, Mrs. Blissit filed a request for attorney fees due to the "relative economic disparities of the parties" and Mr. Blissit's "seemingly endless desire to litigate" the disputed issues. The trial court overruled Mr. Blissit's objections and adopted the magistrate's decision on July 12, 1996. The judgment entry stated that "[e]ach party shall pay their own attorney fees."

Mr. Blissit asserts two assignments of error on appeal.

"I. The court erred in approving a final judgment and decree of divorce which contained provisions which differed materially from provisions agreed upon by the parties on the record."

Mr. Blissit contends that the decree of divorce approved by the trial court contained several terms which were materially different from the terms to which the parties had agreed at the hearing.

First, Mr. Blissit objects to the language which addressed his suspicions that Mrs. Blissit either had hidden money in a safe deposit box or had given it to her

parents. The parties agreed at the hearing that Mrs. Blissit would "sign an affidavit that [such funds] don't exist consistent with the paragraph * * * on page 4 of Joint Exhibit 1." The paragraph referred to stated that "Plaintiff shall sign an affidavit stating that at the time of the parties [*sic*] separation she had not accumulated and maintained any cash in excess of $100 either at the marital home, a safe deposit box over which she had control, or transferred any such money to her father * * *." The final decree contained identical language. In our view, the language of the final decree reflects the parties' agreement.

Second, Mr. Blissit raises an issue about the characterization of several of the children's accounts as accounts established in conformance with the Uniform Gift to Minors Act. This issue has been resolved through an agreed entry filed subsequent to the decree of divorce.

Third, Mr. Blissit claims that the parties agreed that Mrs. Blissit would receive 43.24 percent of his "disposable retired pay," with adjustments for the veteran's disability waiver and for the Survivor Benefit Plan of which Mrs. Blissit was to be the beneficiary. Mr. Blissit also claims that the division of his retirement pay was to be in the nature of a property settlement, not spousal support, and that the decree was supposed to specify that the Survivor Benefit Plan payments would not to be transferable to anyone else upon Mrs. Blissit's death.

Paragraph 9(L) of Joint Exhibit 1 stated that "Spouse [Mrs. Blissit] shall recover from Member [Mr. Blissit] as her property interest in his disposable military retired pay, FORTY–THREE and TWENTY–FOUR ONE HUN-DREDTHS percent (43.24%) of his disposable military retired pay * * *." This paragraph was not modified at the hearing in any way pertinent to this argument. Paragraph 9(M) stated, "In addition, as and for spousal support (alimony), Spouse is awarded the difference between 43.24% of Member's gross military retired pay before any deductions of any nature, and 43.24% of Member's disposable retired pay * * *." Mr. Blissit did not object to this paragraph in any way. The plain language of these provisions indicates that Mrs. Blissit was to receive both a property settlement and spousal support to reflect her portion of Mr. Blissit's military retired pay. The amounts payable to Mrs. Blissit under this formula clearly were not intended to be calculated solely by reference to the disposable military retired pay, and the magistrate did not assure Mr. Blissit that they would be. Such a construction would invalidate the provision in paragraph 9(M), which Mr. Blissit had indicated was acceptable to him at the hearing.

Mr. Blissit cites a portion of the transcript in which the following exchange took place in support of his argument:

"MR. BLISSIT: * * * The other question I had is on the retirement pay. It's my understanding that * * * the Court is saying is that she will receive 43.24% of my disposable income. And then there will be an adjustment for the VA Waiver and for SBP and those are the only adjustments.

"THE COURT: I think that's what we're saying. Yeah, that's essentially what we're saying, I think * * *."

In this exchange, however, Mr. Blissit acknowledged that an adjustment was to be made to compensate Mrs. Blissit for the veteran's disability waiver and the Survivor Benefit Plan. In our view, Paragraph 9(L) of the final order (reflecting Paragraph 9(M) of Joint Exhibit 1) can reasonably be interpreted to be "an adjustment for the VA Waiver and the SBP," especially where Mr. Blissit had indicated that he found Paragraph 9(M) of Joint Exhibit 1 to be acceptable. Thus, the trial court did not abuse its discretion by adopting these provisions.

■ Mr. Blissit also asserts that the parties had agreed at the hearing that the Survivor Benefit Plan payable to Mrs. Blissit would not be assignable or transferable by Mrs. Blissit during her life or upon her death. Based on the hearing transcript, we agree with Mr. Blissit that the parties agreed to insert language to this effect, and that such language is not in the final decree. Therefore, Paragraph 9(G) of the Final Decree of Divorce shall be modified to add the following statement: "The Survivor Benefit Plan benefits may not be transferred or assigned by the former spouse under any circumstances."

Fourth, Mr. Blissit asserts that Paragraph 12(A)(2), relating to summer visitation, contains various requirements which were not part of the parties' agreement. The language about which Mr. Blissit complains was contained verbatim in Joint Exhibit 1, and Mr. Blissit did not object to the language at the hearing. Thus, we reject his argument that these provisions were not part of the parties' agreement.

■ Fifth, Mr. Blissit objects to the language in the final decree pertaining to the division of the children's transportation costs for visits with him. Mr. Blissit claims that the parties agreed to split the transportation costs for all visits, but the decree states that the costs shall be split only for the spring break, summer, and Christmas visits. Paragraph 12(A)(9). The only reference to transportation costs in the transcript was made by Mr. Blissit's attorney in the midst of a discussion about the notice required for unscheduled visits, wherein the attorney stated, "And further the transportation costs will be split 50/50." This comment was not acknowledged by the court or by Mrs. Blissit's attorney, so it is unclear from the transcript how the parties interpreted that provision. In light of this ambiguity, we cannot say that the trial court abused its discretion by stating that the transportation costs would be divided for the three major visits only.

Sixth, Mr. Blissit objects to the division of the moving expenses paid by the government as a result of his retirement. The error in this computation has already been corrected by an agreed entry.

Mr. Blissit's first assignment of error is overruled, with the exception that language limiting Mrs. Blissit's ability to transfer or assign Survivor Benefit Plan benefits will be added to Paragraph (G), as discussed above.

"II. The trial court erred in awarding spousal support in a manner contrary to law."

Mr. Blissit contends that, under federal law, only disposable retired pay may be treated as marital property, and that state courts may not divide property excluded from the definition of disposable retired pay, i.e., survivor benefits and veterans disability benefits, pursuant to a decree of divorce. Therefore, Mr. Blissit objects to Section 9 of the trial court's decree because it "orders division of amounts other than disposable retired pay." Mr. Blissit also claims that the trial court erred in referring to any portion of the divided retirement pay as spousal support.

Mr. Blissit cites the section of the Uniformed Services Former Spouses' Protection Act ("the Act") which defines disposable retired pay and the type of deductions which are excluded from that amount. Section 1408(a)(4), Title 10, U.S.Code. He also cites Section 1408(c)(1), Title 10, U.S.Code, which states that a court may treat disposable retired pay as marital property. Mr. Blissit does not cite any specific provisions, however, in connection with his argument that the trial court's order violates the Act. Instead, he relies upon *Kutzke v. Kutzke* (April 12, 1996), Greene App. No. 95–CA–66, unreported, 1996 WL 173399, wherein we held that state courts may not treat as property divisible upon divorce those portions of retired pay excluded from the definition of disposable retired pay.

In *Kutzke*, the trial court awarded Mrs. Kutzke a percentage of Mr. Kutzke's "total military retirement benefits," which included his disability benefits. Relying on *Mansell v. Mansell* (1989), 490 U.S. 581, 109 S.Ct. 2023, 104 L.Ed.2d 675, which held that the clear language of the Act excludes disability benefits from the amount of retired pay that may be treated as community property, we modified the *Kutzke* judgment and final decree of divorce by voiding the provision that awarded Mrs. Kutzke a portion of the disability pay.

The case at hand is different from *Kutzke* in that the parties negotiated and agreed upon the terms of the divorce; the terms were not imposed by the trial court. Further, unlike *Kutzke*, Mrs. Blissit's property interest in the military retired pay, determined to be 43.24 percent, was calculated based upon Mr. Blissit's disposable retired pay, not his gross pay. Paragraph 9(F). Then, in a

separate provision, the parties agreed that Mrs. Blissit would receive spousal support in an amount representing the difference between 43.24 percent of Mr. Blissit's gross military retired pay and 43.24 percent of his disposable military retired pay. Paragraph 9(L). Apparently, it is this provision to which Mr. Blissit specifically objects.

Despite Mr. Blissit's contentions to the contrary, the Act does not preclude parties to a divorce from using gross military retired pay to calculate an agreed-upon sum for spousal support. If Mr. Blissit objected to such a calculation, he should have said so at the hearing. Rather, Mr. Blissit indicated that this spousal support provision was acceptable to him, and he may not now be heard to complain that it is unfair. Moreover, we find nothing in the Act which would hinder enforcement of such a provision. Although the Act states that the "total amount of the disposable retired pay of a member payable [pursuant to a court order] may not exceed 50 percent of such disposable retired pay," Section 1408(e)(1), Title 10, U.S.Code, it also states that "[n]othing in this section shall be construed to relieve a member of liability for the payment of alimony, child support, or other payments required by a court order on the grounds that payments made out of disposable retired or retainer pay under this section have been made in the maximum amount permitted * * *." Section 1408(e)(6), Title 10, U.S.Code. In other words, the statute does not limit the amount which a retiree may be ordered to or may agree to pay; it merely limits the extent to which the government will make such payments directly to the obligee on the retiree's behalf. Thus, Mr. Blissit's agreement to pay spousal support, which was tied in part to his gross retired pay, did not violate federal law, and the provision is enforceable.

The second assignment of error is overruled.

Mrs. Blissit asserts one assignment of error on cross-appeal.

"The trial court erred by failing to order the appellant to pay a reasonable amount toward appellee/cross-appellant's attorney fees, and, further, the trial court erred by failing to hold a hearing on the matter."

Mrs. Blissit contends that the trial court erred in denying her motion for attorney fees related to the trial court proceedings.

At the hearing in the trial court, the parties agreed that they would each pay their own attorney fees. When Mr. Blissit filed objections relating to issues upon which Mrs. Blissit believed that they had already agreed, however, she requested an award of attorney fees. The trial court overruled the request without comment.

Although some of Mr. Blissit's objections challenged language in the proposed decree to which he had not objected at the hearing, some of the objections did raise issues upon which the decree proposed by the magistrate differed from that to which the parties had agreed or about which there was some ambiguity at the hearing. Therefore, we cannot conclude that the trial court abused its discretion by refusing to interfere with the parties' express agreement that they would pay their own attorney fees.

Mrs. Blissit's assignment of error is overruled.

The judgment of the trial court will be modified to include the language, specified above, stating that Mrs. Blissit's Survivor Benefit Plan payments shall not be transferable or assignable. As modified, the judgment of the trial court will be affirmed.

*Judgment affirmed*
*as modified.*

BROGAN and GRADY, JJ., concur.