OPINION
This is an appeal from the Division of Domestic Relations of the Court of Common Pleas of Greene County.
Pursuant to a petition for dissolution of their marriage, the appellant, Michael Jordan, and the appellee, Kathy Jordan, entered into a separation agreement which settled and adjusted all of their rights and liabilities arising by virtue of their marital relationship.
Among other things, the separation agreement contains a retirement provision which grants Kathy Jordan a percentage interest in the retirement benefits of Michael Jordan based upon one-half of the number of years of service times the amount of the retirement benefits plus any cost of living allowances. This formula was recognized in Hoyt v. Hoyt (1990), 53 Ohio St.3d 177, and neither party to this proceeding seriously challenges the manner of determining the percentage of the retirement benefits due the appellee.
Rather, the specific issue before the trial court at the hearing of this matter, according to the appellant's brief, and the only issue presently before this court on appeal, is "whether the Air Force retirement pay of Michael Jordan should be divided before or after the federal government withholds taxes." If the amount is divided before taxes, Kathy Jordan would receive approximately ninety dollars a month more than she would receive after the federal government withholds taxes, but Michael Jordan contends that the trial court is precluded by federal statute,10 U.S.C. § 1408, from allowing any amount which exceeds fifty percent of the total amount of his disposable retirement pay.
In support of his argument, Mr. Jordan relies principally upon Chase v. Chase (1983), 662 P.2d 944 and Arford v. U.S.
(1990), 923 F.2d 229, but more recently, and closer to home, this court has held that the Uniformed Services Former Spouses' Protection Act (10 U.S.C. § 1408) "does not preclude parties to a divorce from using gross military retired pay to calculate an agreed-upon sum for spousal support." Blissit v. Blissit (1997),122 Ohio App.3d 727. Although the issues in the Blissit case arose from a divorce decree rather than from a separation agreement, the case has many characteristics similar to those of the present case. In fact, the following commentary therefrom would appear to apply with equal force to the only issue raised in this case:
 "Despite Mr. Blissit's contentions to the contrary, the Act does not preclude parties to a divorce from using gross military retired pay to calculate an agreed-upon sum for spousal support. If Mr. Blissit objected to such a calculation, he should have said so at the hearing. Rather, Mr. Blissit indicated that this spousal support provision was acceptable to him, and he may not now be heard to complain that it is unfair. Moreover, we find nothing in the Act which would hinder enforcement of such a provision. Although the Act states that the `total amount of the disposable retired pay of a member payable [pursuant to a court order] may not exceed 50 percent of such disposable retired pay', Section 1408(e)(1), Title 10, U.S. Code, it also states that `nothing in this section shall be construed to relieve a member of liability for the payment of alimony, child support, or other payments required by a court order on the grounds that payments made out of disposable retired or retainer pay under this section have been made in the maximum amount permitted * * *.' Section 1408(e)(6), Title 10, U.S. Code. In other words, the statute does not limit the amount which a retiree may be ordered to or may agree to pay; it merely limits the extent to which the government will make such payments directly to the obligee on the retiree's behalf. Thus, Mr. Blissit's agreement to pay spousal support, which was tied in part to his gross retired pay, did not violate federal law, and the provision is enforceable."
Id., at 733.
Ordinarily, a separation agreement incorporated within a dissolution decree is a binding contract between the parties, and the rights and obligations of the parties relative to the retirement benefits of Mr. Jordan are clearly set forth in the separation agreement. In fact, the trial court, after finding that the separation contract was unambiguous, adopted an explanatory caveat which specifically states that "if existing federal law and regulations do not permit the withholding of an amount necessary to satisfy the interest of Kathy Jordan from the Air Force, then Michael Jordan shall be required to pay the difference to her by direct payments once each month consistent with the terms of this decision and order."
Here, the trial court was relieved of its authority and responsibility to fashion an equitable division of marital property by the parties themselves who voluntarily entered into an agreement to dissolve all of their marital rights and liabilities. Their agreement was approved by the Domestic Relations Court on April 19, 1989, and consistent with the provisions of the separation agreement, the court issued a Qualified Domestic Relations Order on April 19, 1989, which created in Kathy Jordan the right to receive 32.5% of Michael Jordan's military retirement pay. No appeal was taken from the judgment so entered, and nothing has transpired since to justify any interference with the separation agreement.
Accordingly, the alleged error is overruled, and the judgment of the trial court is Affirmed.
WOLFF, J., and FAIN, J., concur.
(Hon. Joseph D. Kerns, Retired from the Court of Appeals, Second Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio).