DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Scioto County Common Pleas Court, Domestic Relations Division, post-divorce decree judgment in favor of Brenda G. Evans, plaintiff below and appellee herein. Gregory L. Evans, defendant below and appellant herein, raises the following assignments of error:
FIRST ASSIGNMENT OF ERROR:
"THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING THAT THE DEFENDANT-APPELLANT'S MILITARY PENSION INCLUDES ALL AMOUNTS RECEIVED BY DEFENDANT APPELLANT FOR HIS MILITARY PENSION, INCLUDING THE VA WAIVER/DISABILITY PAYMENT, INASMUCH AS SAID FINDING IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE WHICH WAS PRESENTED VIA MEMORANDA AND IS CONTRARY TO THE UNIFORM SERVICES FORMER SPOUSES' PROTECTION ACT (USFSPA), 10 U.S.C. § 1408 ET SEQ., AND MANSELL V. MANSELL,480 U.S. 581, 109 S.CT. 2023, 104 L.ED.2d 675 (1989)."
SECOND ASSIGNMENT OF ERROR:
"THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING (1) THE PARTIES AGREED TO EQUALLY SPLIT THE MILITARY PENSION, (2) THAT DEFENDANT-APPELLANT STILL REMAINS BOUND BY THE ALLEGED AGREEMENT THAT THE ENTIRE PENSION AMOUNT BE SPLIT, AND (3) THAT CONSIDERING THE PROPERTY SETTLEMENT REACHED IN THE DIVORCE IN ITS ENTIRETY, IT WOULD BE WHOLLY UNJUST AND INEQUITABLE TO ALLOW DEFENDANT-APPELLANT THE ABILITY TO UNILATERALLY LOWER PLAINTIFF-APPELLEE'S PERCENTAGE OF SAID PENSION, INASMUCH AS SAID FINDINGS ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND ARE CONTRARY TO THE UNIFORM SERVICES FORMER SPOUSES' PROTECTION ACT (USFSPA), 10 U.S.C. § 1408 ET SEQ., AND MANSELL V. MANSELL,480 U.S. 581, 109 S.CT. 2023, 104 L.ED.2d 675 (1989)."
THIRD ASSIGNMENT OF ERROR:
"THE TRIAL COURT ABUSED ITS DISCRETION IN FINDING THAT PLAINTIFF-APPELLEE IS ENTITLED TO RECEIVE ANY PORTION OF THE VA WAIVER, AND THUS, ORDERING DEFENDANT/APPELLANT TO PAY ANY SUM OF MONEY TO PLAINTIFF-APPELLEE WITHIN ONE-HUNDRED-TWENTY DAYS OF THE JUDGMENT ENTRY, INASMUCH AS SAID FINDING IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND IS CONTRARY TO THE UNIFORM SERVICES FORMER SPOUSES' PROTECTION ACT (USFSPA), 10 U.S.C. § 1408 ET SEQ., AND MANSELL V. MANSELL,480 U.S. 581, 109 S.CT. 2023, 104 L.ED.2d 675 (1989)."
 {¶ 2} On May 11, 1999, the parties divorced. The parties agreed to the terms of the divorce and the trial court incorporated the agreement into the divorce decree. Pertinent to the case at bar, the parties agreed to equally divide appellant's "military pension." The paragraph of the parties' agreement that governs the equal division of appellant's military pension provides:
"The parties shall equally divide [appellant's] military pension[;] however, [appellant] shall be entitled to retain [appellee's] portion of the pension until the real estate is sold. [Appellee] shall begin receiving one-half of the pension the first month that [appellant] will not have to make the mortgage payments as a result of the sale of the realty."
{¶ 3} On October 10, 2001, appellee filed a contempt motion due to appellant's failure to comply with the parties' agreement regarding the equal division of appellant's military pension. The parties disputed whether the definition of "military pension" that they used in the agreement and incorporated into the divorce decree included appellant's Veterans' Affair waiver/disability payment.
 {¶ 4} On October 9, 2002, the magistrate decided that the term "military pension" included appellant's VA waiver/disability payment. The magistrate noted that during the course of the parties' marriage and at the time of the divorce, appellant received both retirement pay and disability pay (the VA waiver) as part of his "military pension." The magistrate determined that the plain meaning of the term "military pension" encompassed the entire amounts received under the pension, including the VA waiver/disability pay.
 {¶ 5} On October 22, 2002, appellant filed objections to the magistrate's decision and argued that the magistrate improperly determined that the phrase "military pension" included the VA waiver/disability payment. Appellant asserted that federal law prohibits a court from ordering, as part of a divorce decree, a property division of the VA waiver/disability payment portion of a military pension, irrespective of whether the parties agreed to it.
 {¶ 6} On November 27, 2002, the trial court overruled appellant's objections and adopted the magistrate's decision. The trial court agreed with the magistrate's finding that the parties agreed to equally divide appellant's "military pension" and that the term "military pension" included the VA waiver/disability payment. The trial court disagreed with appellant that federal law prohibits the parties to a divorce from agreeing to divide (as opposed to a court ordered division) the VA waiver/disability payment portion of a military pension. Appellant filed a timely notice of appeal.
 {¶ 7} The crux of appellant's arguments raised in his three assignments of error is whether the trial court erred by determining that the phrase "military pension" includes the VA waiver/disability payment portion of the military pension. We therefore address the three assignments of error together.
 {¶ 8} Initially, we note that a trial court retains "full power" to enforce the divorce decree's provisions. Cherry v. Figart (1993),86 Ohio App.3d 123, 126, 620 N.E.2d 174 (citing In re Dissolution ofMarriage of Seders (1987), 42 Ohio App.3d 155, 156-157, 536 N.E.2d 1190). Moreover, if the parties dispute, in good faith, the meaning of a provision in a decree, or if the provision is ambiguous, the trial court has the power to hear the matter, to resolve the dispute, and to enforce the decree. See Quisenberry v. Quisenberry (1993), 91 Ohio App.3d 341,348, 632 N.E.2d 916 (citing In Re Dissolution of Marriage of Seders); see, generally Randolph v. McCullough (Sept. 21, 2000), Mahoning App. No. 99CA161.
 {¶ 9} In interpreting a divorce decree that incorporates the parties' separation agreement, the normal rules of contract interpretation generally apply to ascertain the meaning of any ambiguous language. SeePatel v. Patel (Sept. 9, 1999), Athens App. No. 99CA21; Keeley v. Keeley
(July 21, 1997), Clermont App. No. CA-97-02-013; Scott v. Scott (Apr. 29, 1994), Lucas App. No. L-93-251. Because the interpretation of a written contract is a question of law, an appellate court reviews de novo a trial court's interpretation of the parties' separation agreement as incorporated into the divorce decree. See, generally, Graham v. DrydockCoal Co. (1996), 76 Ohio St.3d 311, 313, 667 N.E.2d 949; Patel.
 {¶ 10} When construing contract language, the principal goal is to effectuate the parties' intent. See Skivolocki v. East Ohio Gas Co.
(1974), 38 Ohio St.2d 244, 313 N.E.2d 374, syllabus; Patel. A court will presume that the parties' intent resides in the language employed in the written document. See Kelly v. Medical Life Ins. Co. (1987),31 Ohio St.3d 130, 509 N.E.2d 411, paragraph one of syllabus; Patel. Thus, a court will give common words appearing in a written instrument their ordinary meaning, unless manifest absurdity results or unless some other meaning is clearly evidenced from the instrument.[1] SeeAlexander v. Buckeye Pipe Line Co. (1978), 53 Ohio St.2d 241,374 N.E.2d 146, paragraph two of syllabus; Patel.
 {¶ 11} With the foregoing principles in mind, we now will consider appellant's arguments that the trial court improperly interpreted the phrase "military pension" to include the VA waiver/disability payment portion of appellant's pension.
 {¶ 12} Appellant asserts that the trial court's decision that the phrase "military pension" includes the VA waiver/disability payment portion of appellant's pension contravenes Mansell v. Mansell (1989),480 U.S. 581, 109 S.Ct. 2023, 104 L.Ed.2d 675, and the Uniform Services Former Spouses' Protection Act, 10 U.S.C. § 1408, et seq. (USFSPA). Appellant appears to argue that the phrase "military pension," as used in the parties' divorce decree, has the same meaning as "disposable retired or retainer pay" that is used in the USFSPA. Under the circumstances present in the instant case, we disagree with appellant.
 {¶ 13} "In order to prevent double dipping, a military retiree may receive disability benefits only to the extent that he waives a corresponding amount of his military retirement pay." Mansell,490 U.S. at 583. The USFSPA authorizes state courts to treat the portion of a military pension classified as "disposable retired or retainer pay" as property divisible upon divorce. See id. (citing10 U.S.C. § 1408(c)(1)). The USFSPA defines "disposable retired or retainer pay" as "the total monthly retired or retainer pay to which a military member is entitled," minus, among other deductions, amounts waived in order to receive disability benefits.10 U.S.C. § 1408(a)(4)(B); see, also, Mansell, 490 U.S. at 584-85.
 {¶ 14} Thus, in Mansell, the United States Supreme Court held that the USFSPA does not allow state courts to treat VA waiver/disability payments as property divisible upon divorce. Id. at 594-95. Ohio courts have followed Mansell and held that a court may not order VA waiver/disability payments to be divided pursuant to a divorce. See, e.g., Konieczny v. Konieczny (Mar. 27, 1998), Clark App. No. 97CA83;Kutzke v. Kutzke (April 12, 1996), Greene App. No. 95-CA-66. At least one Ohio court, however, has held that the parties to a divorce may agree (as opposed to being ordered by the court) to divide one of the party's entire military pension, including the VA waiver/disability payment. See Blissitv. Blissit (1997), 122 Ohio App.3d 727, 732-733, 702 N.E.2d 945. But, see, Meinke v. Meinke (Nov. 28, 1990), 89CA73 (interpreting the term "net retirement" as used in parties' separation agreement to exclude the VA waiver/disability pay portion of the husband's military pension and suggesting that any agreement to the contrary would violate Mansell and the USFSPA).[2]
 {¶ 15} In Blissit, the husband argued that both the USFSPA andMansell prohibited the trial court from ordering the husband to pay to his wife a percentage of his gross military pay, which included his VA waiver/disability pay. The court of appeals disagreed, noting that the parties had agreed to such a division. In reaching its decision, theBlissit court distinguished one of its prior cases, Kutzke v. Kutzke
(April 12, 1996), Greene App. No. 95-CA-66. The Blissit court noted that the Kutzke court held that state courts may not treat as property divisible upon divorce VA waiver/disability pay. In distinguishingKuntzke, the Blissit court observed that in Kutzke, the parties did not negotiate and agree upon the terms of the divorce, whereas in Blissit, the husband and wife fully negotiated and agreed upon the terms of the divorce. The court further concluded that nothing in the USFSPA prohibits the parties from agreeing to divide a military pension. Instead, the court explained that the USFSPA simply limits the manner in which the government will directly pay to the retiree the amounts under a military pension. The court stated: "[T]he statute does not limit the amount which a retiree may be ordered to or may agree to pay; it merely limits the extent to which the government will make such payments directly to the obligee on the retiree's behalf." Id. at 733.
 {¶ 16} In the case at bar, we agree with the trial court's conclusion that the term "military pension" includes the VA waiver/disability payment portion of appellant's pension. In reaching our decision, we first conclude that a plain, common understanding of the term "military pension" includes the entire amounts received under the pension. Had the parties intended the phrase "military pension" to mean only a portion of appellant's military pension, the parties could have added terms to further define what part of the pension appellee was to receive.
 {¶ 17} Additionally, we will defer to the trial court's finding as to what the parties intended by using the term "military pension." The court heard the evidence and presided over the original divorce proceedings. The trial court had a better understanding of the parties' intentions when entering into the agreement and we will not second-guess the parties' intentions. Based upon its experience in the original divorce proceedings and its first-hand knowledge of the parties' agreement, we believe that the trial court appropriately interpreted the phrase "military pension" to include the VA waiver/disability payment portion of appellant's pension.
 {¶ 18} Third, we disagree with appellant that the trial court's decision contravenes either Mansell or the USFSPA. Rather, we agree with the Blissit court that the parties to a divorce may agree to divide all amounts received under a military pension, including the VA waiver/disability payment portion. In the case at bar, like the husband and wife in Blissit, appellant and appellee negotiated and agreed upon the terms of the divorce. Appellant agreed to equally divide his "military pension." Had appellant ascribed a meaning to the phrase "military pension" other than its plain, ordinary meaning as discussed above, appellant should have ensured that the agreement defined the phrase in more specific terms.
 {¶ 19} Accordingly, based upon the foregoing reasons, we overrule appellant's three assignments of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Evans, P.J. Kline, J.: Concur in Judgment Opinion.
[1] {¶ a} We note that some confusion exists as to the standard of review appellate courts should use when reviewing a trial court's interpretation of a divorce decree. Some courts have applied a de novo standard when reviewing a trial court's interpretative decision regarding an ambiguous provision in a separation agreement that has been incorporated into divorce decree. See Patel. Other courts have employed the "abuse of discretion" standard of review when reviewing a trial court's interpretation of an ambiguous provision in a separation agreement that has been incorporated in a divorce decree. For example, inIn re Dissolution of Marriage of Seders, 42 Ohio App.3d at 156, the court stated:
"Whenever a clause in a separation agreement is deemed to be ambiguous, it is the responsibility of the trial court to interpret it. The trial court has broad discretion in clarifying ambiguous language by considering not only the intent of the parties but the equities involved. An interpretative decision by the trial court cannot be disturbed upon appeal absent a showing of an abuse of discretion."
See, also, Weller v. Weller (1996), 115 Ohio App.3d 173, 179, N.E.2d ;Rodgers v. Rodgers (Apr. 11, 2001), Summit App. No. 20242; In re Simpson
(Mar. 31, 2000), Marion App. No. 9-99-67.
{¶ b} Another court has explained the standard of review as follows:
"If the decree is clear and unambiguous, its interpretation is a matter of law and will be reviewed de novo. On the other hand, if the document is ambiguous, there is a question of fact to be resolved by the trial court, and therefore our review is abuse of discretion. The threshold question of whether an ambiguity exists is a question of law that we review de novo."
Peters v. Peters (Feb. 23, 2001), Montgomery App. No. 18445.
{¶ c} We note that the distinction between the two standards has sometimes been explained by reference to whether the document under review is a divorce decree that contains only court-ordered terms or a divorce decree that incorporates the parties' separation agreement. SeeMonfredo v. Hillman, Lawrence App. No. 02CA 13, 2003-Ohio-1151; Collettev. Collette (Aug. 22, 2001), Summit App. No. 20423. The distinction does not, however, appear to be universally observed. Nevertheless, we believe that the appropriate standard of review for reviewing a trial court's interpretative decision of an ambiguous provision in a separation agreement that is incorporated into a divorce decree is best defined by reference to the law of contracts. To the extent that the provision, later determined to be ambiguous, relies upon the parties' intentions as expressed before the trial court, however, we will defer to the trial court's finding.
[2] In Meinke, the court decided the case on other grounds not relevant to the case at bar and simply mentioned the Mansell holding and the USFSPA as additional grounds to support its decision.