IN RE DISSOLUTION OF MARRIAGE OF
SEDERS.

(No. 13177—Decided
December 30, 1987.)

*Gregg A. Manes,* for appellee.
*Peter T. Cahoon,* for appellant.

GEORGE, J. In 1984, appellee, Patricia Seders, and appellant, William Seders, Jr., entered into a separation agreement in contemplation of a dissolution of marriage. R.C. 3105.63. That agreement was adopted in the decree which granted the dissolution.

One of the terms of the agreement provided for the disposition of the funds of appellant's profit-sharing plan with his employer, Garland Floors. Appellant left the employ of Garland Floors and the appellee filed a motion seeking her portion of the profit-sharing plan according to Article 8 of the separation agreement. The trial court entered a judgment ordering one-half of these funds to be distributed to appellee.

The appellant brings this appeal, raising a single assignment of error.

Assignment of Error

"The trial court abused its discretion and committed prejudicial error by ordering that the total, distributable amount of appellant's profit sharing funds from his employment be distributed on an equal basis between appellant and appellee, and this order of the trial court is against the manifest weight of the evidence."

The separation agreement provides:

"*Article 8 — Profit Sharing Plan*

"It is recognized by both of said parties that the Husband has a Profit Sharing Plan through his employer, Garland Floors, which is valued at Thirteen thousand and 00/100 Dollars ($13,000.00). The Husband agrees that during the next five (5) years, if he is discharged or leaves his place of employment with Garland Floors, that the Wife shall be entitled to fifty percent (50%) of any accrued amount due him from the Profit Sharing Plan. In the event that the Husband is still employed by Garland Floors after the five (5) year period, then at that time, the Wife shall not be entitled to proceeds from the Profit Sharing Plan, but that the total amount on deposit shall be the sole property of the Husband."

"*Article 14 — Further Assurances*

"The Husband and Wife fully understand the terms, conditions and provisions of this agreement and voluntarily agree to its signing after the provisions were fully explained to each of them. Husband and Wife each acknowledge having jointly suggested and decided upon said terms, and believe that this agreement, except as

otherwise herein provided, forever and completely adjusts, settles, disposes of, and completely terminates any and all rights, claims, privileges, and benefits that each now have against the other arising out of said marriage relationship.

"* * *

"The parties further agree that this Agreement shall be construed in accordance with the statutes of the State of Ohio, and that the parties have incorporated herein their complete understanding, and that no oral statements or prior written matter shall have any force or effect."

There is no dispute but that appellant terminated his employment with Garland Floors, prior to the end of the five-year period described in Article 8, and that such termination made the profit-sharing provision operative. The parties were unable to agree upon how the profit-sharing funds should be divided. As a result, the appellee filed a motion asking the trial court to order the distribution in accordance with Article 8 of the agreement.

This matter was heard before a referee and the referee recommended that:

"1) Petitioner, William Seders, Jr., shall see that the profit sharing plan of his former employer, Garland Floors, be distributed fifty percent (50%) to Petitioner, Patricia Seders, and fifty percent (50%) to himself. This shall be done at the earliest possible time."

The trial court overruled appellant's objections to the report and adopted the referee's recommendations. Thus, this appeal is limited to the meaning of Article 8 and its application to the facts of this case.

A dissolution of marriage is founded upon the idea of mutual consent. R.C. 3105.61 *et seq.* and *Knapp* v. *Knapp* (1986), 24 Ohio St. 3d 141, 24 OBR 362, 493 N.E. 2d 1353. Here, the parties had agreed to various terms and conditions upon which they predicated their petition for a dissolution. They acknowledged their understanding and agreement in Article 14. The trial court adopted these terms and conditions and both parties were bound thereby.

Obviously, Article 8 could be interpreted in at least two different ways. It could mean, for example, that only such funds as were accrued on the date of the signing of the agreement, and any earnings from such amount, were to be divided fifty-fifty. This is the meaning urged by appellant. However, it could also mean that those funds available on the date of termination of the employment, along with such earnings as may be accrued, were to be divided fifty-fifty. This is the meaning urged by appellee.

Both the referee and the trial court had the benefit of these two different interpretations. Appellant's interpretation would mean that the appellee would receive one-half of $19,000, while appellee's interpretation would mean that she would receive one-half of $32,000.

Whenever a clause in a separation agreement is deemed to be ambiguous, it is the responsibility of the trial court to interpret it. The trial court has broad discretion in clarifying ambiguous language by considering not only the intent of the parties but the equities involved. An interpretative decision by the trial court cannot be disturbed upon appeal absent a showing of an abuse of discretion. *Blakemore* v. *Blakemore* (1983), 5 Ohio St. 3d 217, 5 OBR 481, 450 N.E. 2d 1140.

While a trial court does not have the power to modify the terms of a separation agreement entered into between the parties, R.C. 3105.65(B) provides that it does have full power to enforce the provisions of such an agreement which has been incorporated into a decree of dissolution of

marriage. Where there is confusion over the interpretation to be given to a particular clause, the trial court in enforcing the agreement has the power to hear the matter, clarify the confusion, and resolve the dispute. See *Saeks* v. *Saeks* (1985), 24 Ohio App. 3d 67, 24 OBR 122, 493 N.E. 2d 280.

In this case either one of the two interpretations urged could have been found by the trial court to be the interpretation meant by the parties to be given to Article 8. Here, the trial court had the benefit of the transcript of the referee's hearing, the report of the referee, the objections of the appellant, and the brief in response to the objections. The trial court did not abuse its discretion by adopting the appellee's interpretation rather than the appellant's.

Finally, the appellant claims that it was appellee's counsel who drafted the agreement and thus the agreement should be construed against the appellee. The record, however, reflects that appellant did consult with an attorney during the preparation of the agreement and Article 14 indicates that appellant, as well as appellee, participated in suggesting and deciding upon the terms of the agreement.

Thus, the assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

QUILLIN, P.J., and CACIOPPO, J., concur.