DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Plaintiff-appellant Lynne Kline appeals the order of the Summit County Court of Common Pleas, Juvenile Division, denying her request for retroactive reimbursement from defendant-appellee Kenneth M. Kapper for certain health insurance premiums. We affirm.
In 1989, appellant brought a paternity action against appellee on behalf of her then unborn child, seeking child support and health insurance for the benefit of the child. Appellee admitted paternity and was ordered to pay child support but was not ordered to provide health insurance. At the time of the action, appellant and her family were insured through an employer-sponsored family health insurance plan that paid 80 percent of medical expenses per child, after payment of a $1,000 deductible. The parties were ordered to split all medical expenses for their child that were not covered by insurance.
In 1994, the Child Support Enforcement Agency ("CSEA") moved for an order finding appellee in contempt for failure to pay child support. In 1995, two hearings were held before a magistrate on the contempt action and on related matters. Only the matters relative to health insurance are the subject of this appeal. In that regard, the magistrate: (1) determined that appellant, who was no longer employed, continued to maintain through the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA") the same employer-sponsored family health insurance coverage she had while she was employed; and (2) determined that appellant had paid $809.24 in non-covered medical expenses for the child between 1993 and 1995. The magistrate recommended the following order:
 Mother shall continue to maintain the child on a policy of health insurance coverage so long as she is able to do through her former or current employment. Mother shall be responsible for the first $100 of uninsured medical expenses per year, and 70% thereafter. In order for father to satisfy his 30% each year, mother must submit proof of insurance payment to the father.
 Mother should be granted a judgment against the father in the amount of $404.62 for father's share of the child's medical expenses through 2-2-95.
Appellant did not file objections to the magistrate's decision; and, on December 20, 1995, the court adopted the decision.
In April 1996, CSEA moved again for an order finding appellee in contempt for failure to pay child support and failure "to evenly divide the child's medical expenses which are not covered by insurance." CSEA sought, in part, judgment in the amount of $2,000 for medical expenses incurred by appellant between February 3, 1995, and April 1, 1996.
At a hearing on the motion, the parties stipulated that appellant continued to pay for a family policy of health insurance through COBRA at the rate of $472.88 per month from April 1, 1995, through September 30, 1996, and that appellant purchased health insurance for the child alone at a rate of $224.15 per month beginning on October 1, 1996. Appellant requested reimbursement from appellee for all of the COBRA payments she had made since 1995.
In 1997, the magistrate concluded that, although appellant had been making COBRA payments since 1995, she had never previously requested reimbursement for those payments and could not now request a retroactive order that would order reimbursement. The magistrate did find appellee in contempt, however, of previous court orders and recommended judgment for appellant in the amount of $4,461.17 for past support, $153.20 for uninsured medical expenses incurred through January 15, 1997, $75.00 per month toward satisfaction of all outstanding judgments, and $112.08 per month for the child's health insurance costs beginning as of January 16, 1997.
Appellant timely filed objections to the magistrate's report, arguing that appellee should be ordered to reimburse her for a portion of all COBRA health insurance premiums paid by appellant since 1995. The court overruled the objections, finding that "by failing to object to the December 20, 1995, order setting forth the requirements for obtaining and maintaining health insurance, Plaintiff-Mother has in effect waived her right to object to this issue, and is not entitled to retroactive reimbursement for health insurance premiums prior to January 16, 1997."
Appellant has appealed the order pro se, asserting two assignments of error. In her first assignment of error, appellant maintains that the trial court erred by not ordering appellee to reimburse her for 50 percent of the COBRA premiums she paid for family health insurance from April 1, 1995, through January 15, 1997. In her second assignment of error, appellant maintains that, at a minimum, she is entitled under the 1995 order to receive reimbursement from appellee for 30 percent of the COBRA payments she made from April 1, 1995 through January 15, 1997.
It is clear from the transcript of the 1997 hearing, and from appellant's brief to this court, that appellant believes that the trial court's 1995 order required appellee to reimburse her for 30 percent of any COBRA payments she made for health insurance. The trial court, in effect, concluded that under the 1995 order appellant was solely responsible for the payment of COBRA premiums. We agree.
Under the 1995 order, appellant was ordered to "continue to maintain the child on a policy of health insurance coverage so long as she is able to do [so] through her former or current employment." COBRA allowed appellant to continue the health insurance coverage she had been provided through her former employment. The fact that appellant was required pursuant to the 1995 order to submit proof to appellee that she had paid the premiums was merely a condition to be met by appellant before she could require appellee to reimburse her for 30 percent of the child's uninsured medical costs.
Even if the 1995 order could be considered ambiguous on this issue, it is within the broad discretion of the trial court to interpret its own order. Sheeler v. Sheeler (Aug. 24, 1994), Summit App. No. 16404, unreported, at 5. "An interpretative decision by the trial court cannot be disturbed upon appeal absent a showing of an abuse of discretion." In Re Dissolution ofMarriage of Seders (1987), 42 Ohio App.3d 155, 156, citingBlakemore v. Blakemore (1983), 5 Ohio St.3d 217.
Appellant was represented by counsel at the time of the 1995 order. If appellant did not agree with the court's decision to hold her solely responsible for COBRA payments, or if she did not understand the order, she should have filed objections with the court within fourteen days of the filing of the decision in accordance with Juv.R. 40(E)(3). See also Civ.R. 53(E)(3).
Moreover, appellant never moved to modify the 1995 order regarding reimbursement for COBRA payments. Appellant moved the trial court only for a contempt order, arguing in part that appellee was delinquent in meeting what appellant believed was hisobligation to pay a percentage of the COBRA payments. The trial court correctly determined that it was without authority to order retroactive reimbursement of delinquent payments. See Sprankle v.Sprankle (Mar. 25, 1998), Medina App. No. 2678-M, unreported.
R.C. 3113.21(M)(3) states that "[e]xcept as provided in division (M)(4) of this section, a court may not retroactively modify an obligor's duty to pay a delinquent support payment." R.C. 3113.21(M)(4) provides that "[a] court with jurisdiction over a support order may modify an obligor's duty to pay a support payment that becomes due after notice of a petition to modify the support order has been given to each obligee and to the obligor before a final order concerning the petition for modification is entered."
Appellant's April 1996 motion was only for a contempt order and for delinquent payments for which appellee was obligated under previous court orders. Appellant never moved the trial court for modification of support payments. Had she done so, the trial court would have had the discretion to determine whether "special circumstances" existed to warrant modification of appellee's child support obligations under the existing order. Sprankle v.Sprankle, supra, at 6-7. Accordingly, the trial court did not err in refusing to grant appellant retroactive reimbursement for health insurance premiums for which appellee was not obligated where appellant never requested modification of the support order. Nor did the trial court abuse its discretion in refusing to interpret its 1995 order as requiring appellee to pay 30 percent of the COBRA premiums.
Appellant's assignments of error are overruled. The decision of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _______________________________ WILLIAM R. BAIRD
FOR THE COURT
QUILLIN, J., P. J.
DICKINSON, J. CONCUR.