This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 DECISION AND JOURNAL ENTRY
Appellant, Victoria Maher, appeals from the order of the Summit County Court of Common Pleas, Domestic Relations Division, which determined the amount of spousal support owed by Appellee, Bernard Maher. We reverse.
On February 16, 1995, the parties entered into a separation agreement in which they set out all agreed upon terms with regard to the division of property, spousal support, debt obligations, life and health insurance obligations, and the procedure for the filing of income tax returns. This separation agreement was later incorporated into the divorce decree granted by the Summit County Court of Common Pleas on March 17, 1995. On June 23, 1997, Appellee moved to enforce the spousal support order. In his motion, Appellee requested an accounting of income from Appellant, and he further requested that he be given a credit against his support obligation pursuant to the terms of the separation agreement. On July 8, 1997, Appellant moved the court to find Appellee in contempt for failure to comply with the separation agreement with regard to the division of the pension, payment of spousal support, provision of proof of insurance, and provision of an accounting of his income.
Following a hearing, the magistrate found Appellee's spousal support obligation to be $67,917.32 after offsetting the applicable percentage of imputed income of $18,000 from Appellant. All remaining issues were settled by the parties through negotiation. Both parties filed objections to the magistrate's report in a timely manner. The trial court overruled all objections and entered an order determining the amount of the spousal support obligation based upon the agreed upon percentage of Appellee's total income with an offsetting amount determined by imputing $18,000 in income to Appellant. Appellant timely appealed, raising one assignment of error for review.
ASSIGNMENT OF ERROR I
 The trial court erred in imputing annual income of $18,000.00 to [Appellant] for [the] purposes of calculating [Appellee's] 1997 spousal support obligation.
In reviewing a modification of spousal support, an appellate court must determine whether the trial court abused its discretion. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 218. An abuse of discretion "connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Id. at 219, quoting State v. Adams
(1980), 62 Ohio St.2d 151, 157. "Absent a showing that a trial court abused its discretion, * * * [the outcome of] a modification proceeding should not be disturbed." Blakemore, 5 Ohio St.3d at syllabus.
In order to modify an award of spousal support, the courts must retain jurisdiction. R.C. 3105.18(E). The legislature has provided that courts shall not have ongoing jurisdiction to modify periodic awards of spousal support in divorce cases unless the court specifically reserves that jurisdiction through its decree of divorce or the separation agreement incorporated into the decree specifically grants the court such jurisdiction. Id.
The separation agreement which lies at the center of this controversy makes the following provision for spousal support:
 Commencing December 1, 1994, the Husband shall pay to the Wife as and for spousal support an amount equal to 46.5% of the Husband's gross income from his employment at Gestetner Corporation, or a subsequent employer, effective on the date of the signing of this Agreement and continuing until the Husband dies, the Wife dies, the Wife remarries, or upon the Husband's retirement, whichever event occurs first. In the event the Husband retires and then receives income as a consultant, or obtains other employment, the Husband shall pay to the Wife an amount equal to 46.5% of the Husband's gross income from said consulting and/or employment. The Husband shall receive a credit against said spousal support obligation in an amount equal to 46.5% of the Wife's gross income from her employment should she become employed during the time that the Husband's spousal support obligation is in effect. The Wife is currently employed by the American Red Cross.
Neither the divorce decree nor the separation agreement incorporated therein makes any provision for modification of the terms of this spousal support arrangement. Furthermore, neither document reserves jurisdiction for the court to modify the spousal support arrangement. Therefore, the trial court is not permitted to modify the spousal support agreement in this case.
While the court is not permitted to modify the terms of the spousal support arrangement without an express reservation to do so, the trial court does have broad discretion and power to enforce a separation agreement incorporated into a divorce decree. See R.C. 3105.011; Saeks v. Saeks (1985), 24 Ohio App.3d 67, 70. The trial court also has broad discretion to interpret the separation agreement if it is ambiguous. See In re Dissolution ofMarriage of Seders (1987), 42 Ohio App.3d 155, 156. This case came before the trial court in an effort to enforce the terms spelled out within the separation agreement. The terms of the separation agreement clearly enunciate what is to be included in the calculation of gross income. These terms also specifically state what is to be excluded. The language is clear that the husband shall receive a credit offset "should [Appellant] become employed." The agreement does not provide for the imputing of income to either party. Consequently, in light of the fact that the separation agreement did not provide for the imputation of income and considering the lack of ambiguity in the definition of gross income, the trial court's actions constituted a modification of the terms of the separation agreement and not an enforcement or a clarification of the terms. As the court did not have jurisdiction to modify the separation agreement, the trial court abused its discretion by imputing income to Appellant. Appellant's assignment of error has merit.
Appellant's assignment of error is sustained, and the judgment of the trial court is reversed.
Judgement reversed.
 KK The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
 ______________________________ LYNN C. SLABY FOR THE COURT
CARR, J., WHITMORE, J., CONCUR.