JUDGMENT ENTRY
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
While the trial court does not have continuing jurisdiction to modify the property division set forth in the divorce decree, R.C. 3105.17.1(I), it has the power to construe and clarify the provisions of the decree. See Weller v. Weller (1996),115 Ohio App.3d 173, 178, 684 N.E.2d 1284, 1288; Redding v.Redding (Dec. 20, 1999), Clinton App. No. CA99-06-015, unreported. "Where there is confusion over the interpretation to be given a particular clause, the trial court * * * has the power to hear the matter, clarify the confusion, and resolve the dispute." In re Dissolution of Marriage of Seders
(1987), 42 Ohio App.3d 155, 156-157, 536 N.E.2d 1190, 1191. The court has broad discretion in clarifying ambiguous language by considering not only the intent of the parties but the equities involved, and a reviewing court will not reverse its interpretive decision absent an abuse of discretion. Id, at 156,536 N.E.2d at 1192; Redding, supra; Bloch v. Bloch
(Mar. 20, 1991), Hamilton App. Nos. C-890685 and C-890706, unreported.
In this case, the trial court did not improperly modify the property division as appellant claims, but instead it simply interpreted the divorce decree. Our review of the part of the decree in question shows that it is ambiguous, which is a legal, not a factual, determination. See Alexander v. Buckeye PipeLine Co. (1978), 53 Ohio St.2d 241, 374 N.E.2d 146, paragraph one of the syllabus. Though the trial court did not specify its reasoning, it could have reasonably found, in interpreting the language of the decree that included the formula for determining the inchoate value of appellee's business, that the term "transfer of the business" referred to an arm's-length sale, not a buy-out or reabsorption of the business by its parent company due to economic necessity. Therefore, the court could have reasonably concluded that the formula did not apply. However, this buy-out was not contemplated in the original decree. The intent of the decree was to give appellant one-half of the inchoate value of the business, which in this case was half of the money appellant received for the intangible value of his business from the parent company, approximately $30,000. Under the circumstances, we cannot say that the trial court's decision was so unreasonable, arbitrary or unconscionable as to connote an abuse of discretion, and we, therefore, overrule appellant's first assignment of error. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 218, 450 N.E.2d 1140,1442.
Appellant's second assignment of error addresses the propriety of the magistrate's mathematical calculations regarding appellant's share of the inchoate value of the business. However, a magistrate lacks authority to issue orders, and we are only concerned with the trial court's judgment on appeal. See Civ.R. 53; Barker v. Barker (1997), 118 Ohio App.3d 706, 711- 712, 693 N.E.2d 1164, 1167. In this case, the trial court sustained appellee's objections to the magistrate's report and did not adopt the magistrate's recommendations. We have already held that its judgment was not an abuse of discretion, and the magistrate's calculations are irrelevant to the issues before us. We therefore overrule appellant's second assignment of error and affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
GORMAN, P.J., SUNDERMANN and SHANNON, JJ.
RAYMOND E. SHANNON, retired, from the First Appellate District, sitting by assignment.