OPINION
The petitioner-appellant, Deborah Simpson ("appellant"), appeals from a judgment of the Marion County Court of Common Pleas denying her motion for Civ.R. 60(B) relief from judgment. For the following reasons, we affirm the judgment of the trial court.
The pertinent facts and procedural history of this matter are as follows. On April 19, 1994, the appellant and Robert Simpson ("appellee") filed a petition for dissolution of marriage in the Marion County Court of Common Pleas. Attached to the petition was a separation agreement signed by both parties. Both parties requested that the separation agreement be approved and incorporated into the decree.
On June 6, 1994, the parties' request was carried out. They were granted a dissolution of marriage and the dissolution decree ending the parties' marriage incorporated the terms of their separation agreement. The portions of the separation agreement relevant to this case are contained in Paragraph D and F.
D. BANK ACCOUNTS AND 401-K
 Husband and Wife shall each be entitled to one-half (1/2) of the funds in the joint savings account, Husband's credit savings account, and Husband's 401-K Plan as of the effective date of this agreement. (emphasis added)
 F. PERSONAL PROPERTY
 Each of the parties shall retain as his/her own, free and clear from any claims of right or title by the other, any clothing or personal effects currently possessed by each of said parties, and any bank accounts, savings accounts, rights in pension plans, insurance policies, and other rights currently possessed by each of said parties, except as provided in this agreement. (emphasis added)
 On October 24, 1997, the trial court journalized a Qualified Domestic Relations Order ("QDRO") which assigned one-half of the balance of the appellee's "The Scotts Company Profit Sharing and Savings Plan" to the appellant. The appellant later received one-half of the amounts in both the appellee's 401-K plan and his profit sharing account. On January 20, 1998, the appellee moved the trial court for an order finding the appellant in contempt and to correct the QDRO. The appellee later amended this motion and requested a relief from judgment under Civ.R. 60(B). The appellee argued that by the terms of the separation agreement and dissolution decree, the appellant was entitled to only one-half of his 401-K plan, not his one-half of his profit sharing plan too. On September 10, 1998, the appellant filed her own Civ.R. 60(B) motion seeking relief from the separation agreement and accompanying decree and/or the QDRO.
On November 12, 1998, the trial court sustained the appellee's motion pursuant to Civ.R. 60(B) and vacated the QDRO. The court adopted the magistrate's findings that it was the intent of the parties' separation agreement and accompanying dissolution decree that one-half of only the 401-K plan was to be conveyed to the appellant. The trial court ordered the preparation of any QDRO necessary to implement the dissolution decree. The appellant appealed the trial court's decision and on May 28, 1999, this Court affirmed the judgment.
On September 20, 1999, the trial court denied the appellant's motion for relief from judgment pursuant to Civ.R. 60(B). The trial court found that the appellant was aware that there were two components to the appellee's retirement benefits. The appellant entered into an agreement to divide only one component, the 401-K plan, and she knowingly waived her right to the other component, the profit sharing plan. It is from this judgment that the appellant now appeals, asserting two assignments of error.
Assignment of Error No. 1
 The trial court committed error prejudicial to the petitioner-appellant, Deborah K. Simpson, by denying the petitioner-appellant's motion for relief from judgment. The decision denying her motion for relief from judgment is contrary to law.
 Assignment of Error No. 2
 The trial court committed error prejudicial to the petitioner-appellant, Deborah K. Simpson, by denying the petitioner-appellant' motion for relief from judgment. The decision is an abuse of discretion.
 Both assignments of error essentially assert the same argument; therefore they will be addressed simultaneously.
First, it is necessary to set forth the standard of review in this matter. When reviewing a trial court's determination on a Civ.R. 60(B) motion for relief, we must apply an abuse of discretion standard. In re Whitman (1998), 81 Ohio St.3d 239,241. The phrase "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. To prevail on a Civ.R. 60(B) motion, the moving party must demonstrate that he or she (1) has a meritorious defense or claim to present if relief is granted, (2) is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5), and has made the motion within a reasonable time unless the motion is based upon Civ.R. 60(B)(1), (2), or (3), in which case it must be made not more than one year after the judgment. Id. citing GTE Automatic Elec., Inc. v. ARCIndustries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
The trial court held that the appellant had failed to demonstrate that she had a meritorious claim. After hearing the testimony of the parties and the appellee's prior counsel who had participated in the negotiation of the separation agreement, the magistrate determined that it was the intent of the parties' separation agreement and accompanying divorce decree that the appellant was to receive one-half of only the 401(K) plan. Where there is confusion over the interpretation to be given a particular clause in a separation agreement, the trial court in enforcing the agreement has the power to hear the matter, clarify the confusion, and resolve the dispute. In re Dissolution ofMarriage of Seders (1987), 42 Ohio App.3d 155, 157. The trial court has broad discretion in clarifying ambiguous language by considering not only the intent of the parties but the equities involved. Id. at 156. Absent a showing of an abuse of discretion, an interpretive decision by the trial court cannot be disturbed upon appeal. Blakemore, 5 Ohio St.3d at 217.
In this case, the trial court reviewed the evidence and found that, while the terminology used in the separation agreement was not precise, the appellant was aware that there were two components to the appellee's retirement benefits regardless of the terminology used. The appellant entered into an agreement to only divide one component, the 401(K) plan. Furthermore, the appellant admitted that when she received the money, she knew she had received too much. There is adequate evidence to support the trial court's findings that the appellant had failed to demonstrate that she had a meritorious claim. Therefore, it cannot be said that the trial court abused its discretion in denying the appellant's Civ.R. 60(B) motion for relief from judgment. Accordingly, the appellant's assignments of error are overruled.
Having found no error prejudicial to the appellant, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
 SHAW and BRYANT, JJ., concur.