This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant Thelma Rodgers has appealed from the post-decree decision entered by the Summit County Domestic Relations Court that granted Appellee Anthony Rodgers fifty percent of Appellant's three accounts at ATT. This Court affirms.
 I.
On April 8, 1996, the trial court granted the parties a divorce. The divorce decree incorporated the transcript of a hearing where the parties reached a settlement agreement concerning the division of their pension funds. Pursuant to the agreement, "[t]he parties agree that [Appellant] will be entitled to have [Appellee] transfer, by QDRO, [fifty] percent of the interest in his pension plan at the Beacon Journal up through the defacto date of termination. [Appellant] will transfer, by QDRO, [fifty] percent of her AT T pension from the date of marriage to the date of thede facto termination on January 15, 1990 to [Appellee]."
When preparing the QDRO, Appellee discovered that there were three accounts in Appellant's name at ATT. Shortly thereafter, Appellee moved the trial court to enforce the retirement benefits division pursuant to the divorce decree. Appellant responded by arguing that the language in the settlement agreement was ambiguous because it only referred to one of her three accounts at ATT because two of the accounts were not part of a pension plan. A magistrate heard the matter; however, the magistrate failed to issue a decision. The parties then agreed to submit the issue to the trial court without a hearing. On August 1, 2000, the trial court found that the language of the settlement agreement concerning the division of Appellant's pension included all three of Appellant's accounts at ATT. Appellant timely appealed, asserting three assignments of error.
 II. Assignment of Error Number One The trial court erred factually to Appellant's prejudice when it stated that "the parties were unable to agree on the language to be included in their separation agreement subsequent to the agreement being read into the record. The [trial] court therefore signed the decree of divorce with the transcript proceeding of February 12, 199[6], attached and incorporated into that decree." This statement was an erroneous prejudicial presumption by the [trial] court not supported by the transcript, affidavit, or brief.
In her first assignment of error, Appellant has argued that the trial court erred when it stated that the parties were unable to reduce to writing the oral statements made at the February 12, 1995 hearing. As a preliminary matter, this Court is compelled to mention that Appellant has not provided the necessary reasons in support of her contention and has failed to indicate such legal authority to support her argument. Because Appellant has not complied with App.R. 16(A)(7), she has not demonstrated any error by the trial court. Accordingly, Appellant's first assignment of error is overruled.
 Assignment of Error Number Two The trial court erred as a matter of law and abused its discretion by modifying the property distribution as set forth in the settlement agreement of the parties' divorce decree four years after the filing of a divorce decree by adding property not referenced in said decree without a finding of ambiguity and determination of the parties' intent to that end.
In her second assignment of error, Appellant has asserted that the trial court erred and abused its discretion because it modified the divorce decree to include additional property without first making a finding of ambiguity in the agreement. This Court disagrees.
R.C. 3105.171(I) provides that a trial court may not modify a property division arising out of a divorce at a later date. When enforcing a separation agreement that is incorporated in a divorce decree, a trial court can clarify any confusion over the interpretation to be given to a particular clause. In re Dissolution of the Marriage of Seders (1987),42 Ohio App.3d 155, 156-157. Furthermore, a separation agreement is a contract and, therefore, subject to the same rules of construction.Forstner v. Forstner (1990), 68 Ohio App.3d 367, 372. The determination of whether a contract is ambiguous is a matter of law. Brennan v.Brennan (Sept. 23, 1994), Erie County App. No. E-94-16, unreported, 1994 Ohio App. LEXIS 4332, at *7. If the agreement is ambiguous, an interpretative decision of the trial court will not be disturbed on appeal unless the trial court abused its discretion. In re Dissolution ofMarriage of Seders, 42 Ohio App.3d at 156.
The record of the case at bar reveals that the trial court determined that the separation agreement was not ambiguous. It was apparent from the plain language of the agreement that the settlement agreement only contained one provision for the division of pension benefits. The trial court reviewed the totality of the agreement and concluded that it was clear that the provision concerning the ATT pension included all three accounts. In light of the foregoing, this Court concludes that the trial court did not err in determining that the agreement was not ambiguous. Moreover, even assuming that the agreement was ambiguous, this Court cannot conclude, based on the evidence in the record, that the trial court abused its discretion in finding, in essence, that it was the intent of the parties at the time of the agreement to include all three accounts of Appellant's at ATT. Accordingly, Appellant's second assignment of error is overruled.
 Assignment of Error Number Three
The trial court erred as a matter of law and abused its discretion by modifying the parties' divorce decree's term of distribution of property in response to Appellee's Motion to Enforce Judgment rather than requiring that the issues be presented and reviewed as a Motion for Relief from Judgment Civ.R. 60(B).
In her third assignment of error, Appellant has argued that Appellee should have filed a motion for relief from judgment pursuant to Civ.R. 60(B) instead of a motion to enforce the divorce decree. Based on this Court's disposition of Appellant's second assignment of error, her argument is without merit.
 III.
Appellant's assignments of error are overruled. The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
____________________________ BETH WHITMORE
CARR, J. CONCURS IN JUDGMENT ONLY