OPINION
In 1994, appellant Sally Morgan and appellee Howard Morgan were granted a dissolution of marriage by the Stark County Common Pleas Court, Domestic Relations Division. The separation agreement entered into by the parties, and adopted by the court, provided that appellee agreed to provide hospital insurance coverage for appellant until her death or remarriage. The agreement further stated that the court would not have continuing jurisdiction to modify this provision.
On November 16, 2000, appellant filed a motion to clarify this provision of the separation agreement. In her motion, appellant requested the court to determine the exact amount which appellee must pay in order to satisfy his requirement of providing hospitalization insurance on her behalf. On January 18, 2001, appellee filed a motion for refund, claiming that he had paid appellant $300 per month for health insurance coverage until September of 1999, when her actual insurance cost was less than $300 per month.
The court held a non-evidentiary hearing on both motions. On February 6, the court ruled that the obligation set forth in the separation agreement does not set forth a specific type of hospitalization insurance. The court ruled that to specify the type of coverage or price to pay would constitute a modification of the agreement, over which the court has no jurisdiction. The court therefore denied the motion for refund and the motion to clarify.
Appellant assigns a single error on appeal:
 ASSIGNMENT OF ERROR THE TRIAL COURT ERRED BY DISMISSING FOR LACK OF JURISDICTION THE APPELLANTS' MOTION TO CLARIFY THE HEALTH INSURANCE PROVISION OF THE SEPARATION AGREEMENT.
Appellant first argues that the court erred in failing to receive evidence of the intent of the parties, as demonstrated by past practices, when confronted with the request to clarify an ambiguous separation agreement. We note that appellant did not request an evidentiary hearing, and at the non-evidentiary hearing on the motion, made no request or attempt to introduce evidence. Having failed to seek to admit evidence in the trial court, appellant cannot now complain of error in the court's failure to hold an evidentiary hearing.
When a disputed clause in a separation agreement is subject to more than one interpretation, the trial court has broad discretion to clarify the ambiguous language by considering the intent of the parties and the equities involved. Weller v. Weller (1996), 115 Ohio App.3d 173, 179. If there is confusion over the interpretation to be given a particular clause or separation agreement, the trial court in enforcing the agreement has the power to hear the matter, clarify the confusion, and resolve the dispute. In Re: Dissolution of Marriage of Saders (1987),42 Ohio App.3d 155, 156. However, the court does not have the power to modify the terms of the separation agreement entered into between the parties. Id.
While appellant argues this case law gives the court broad discretion to clarify a separation agreement, the cases support the court's right to clarify an ambiguous provision when enforcing an agreement. In the instant case, appellant did not seek to have the court enforce the agreement, but sought to have the court set an express amount of money which appellee should pay to her each month for hospitalization coverage. Further, as noted by the court, appellant did not seek a clarification, but rather sought a modification. The agreement is not ambiguous, in that it specifically orders appellee to provide hospitalization coverage. For the court to determine the amount of coverage and the type of coverage which appellee must provide would modify the separation agreement, which the court specifically had no jurisdiction to do by the very terms of the clause which appellant seeks to clarify.
The assignment of error is overruled.
JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Stark County Common Pleas Court, Domestic Relations Division, is affirmed. Costs to appellant.
Hon. W. Scott Gwin, P. J. Hon. William B. Hoffman, J. Hon. Sheila G. Farmer, J. concur.