This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant/Cross-Appellee, Judith Borzy ("Judith") appeals the decision of the Medina Court of Common Pleas denying her motion to show cause Appellee/Cross-Appellant, Richard Borzy ("Richard"), for his failure to follow the parties divorce decree.[1] Richard cross-appeals the trial court's decision granting
Judith's Civ.R. 60(B)(5) motion. We affirm.
 I.
On August 25, 1993, Judith and Richard divorced after 26 years of marriage. The August 25, 1993, divorce decree in pertinent part provides:
 Defendant-Wife will receive a fifty percent (50%) interest in Plaintiff-Husband's pension with the General Motors Corporation based upon her years of marriage to him. The amount payable to her shall be that percentage of his pension benefit which is fifty percent (50%) of that quotient determined by a fraction wherein the numerator is the number of years in the marriage and the denominator is the participant's total number of years in the plan. Upon Defendant-Wife's death, all interest she has in the pension would be payable to her children through her estate. There will be full survivorship benefit(s) under the plan to the extent allowable by the General Motors Corporation.
On October 5, 1993, the parties filed their first Qualified Domestic Relations Order ("QDRO"). The October 5, 1993 QDRO states that Judith was to receive 50% of "the Marital Portion of [Richard's] Accrued Benefit under the Plan[.]" On March 4, 1994, the parties filed their second QDRO which states that Judith was entitled to a lump sum distribution of an undisclosed amount without reference to a specific source. On July 8, 1994, the parties filed their third and fourth QDRO's. The third QDRO states Judith is entitled to a lifetime interest on "Part A" of Richard's retirement benefits. The fourth QDRO states that Judith is entitled to 100% of Richard's General Motors Corporation ("GMC") personal savings plan.
In August 1998, Richard took early retirement from GMC. Richard received the following monthly payments from GMC: (1) "Part A" pension payments in the amount of $563, (2) "Part B" pension payments in the amount of $161 and (3) an Early Retirement Supplement in the amount of $1,821. After Richard's early retirement, Judith only received her 50% marital portion of Richard's "Part A" pension payment.
On June 1, 2000, Judith filed a Civ.R. 60(B) motion for relief of judgment (the four previous QDRO's), a show cause motion and motion to modify the judgment. After a hearing to the magistrate, the magistrate denied Judith's three motions. Judith filed timely objections to the magistrate's decision.
On March 15, 2001, the trial court reversed and vacated the magistrate's decision. The trial court granted Judith's Civ.R. 60(B)(5) motion and vacated the first three QDRO's dated October 5, 1993, March 4, 1994 and July 8, 1994. The trial court clarified that paragraph C of the divorce decree "applies to all pension benefits available to [Richard] through the General Motors Corporation, including but not limited to early retirement supplements and all portions of [Richard's benefit] package which are considered retirement/pension benefits."
Judith's appeal and Richard's cross-appeal followed. Richard's assignments of error will be considered out of order for ease of discussion.
 II.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED WHEN FINDING THAT THE QUALIFIED DOMESTIC RELATIONS ORDER WAS IN CONFLICT WITH THE PARTIES' DIVORCE DECREE.
Assignment of Error No. 3:
 THE TRIAL COURT ERRED IN FINDING THAT THE MEDINA COUNTY DOMESTIC RELATIONS COURT HAD RESERVED JURISDICTION TO MODIFY THE DISPOSITION OF APPELLEE'S PENSION THEREBY ALLOWING APPELLANT TO CHANGE THE AMOUNT PAYABLE TO HER UNDER THE PARTIES' PREVIOUS AGREEMENT.
In his second and third assignments of error, Richard challenges the trial court's jurisdiction to determine that a conflict existed between the divorce decree and the QDRO's.
While a trial court does not have continuing jurisdiction to modify a marital property division incident to a divorce or dissolution decree, it has the power to clarify and construe its original property division so as to effectuate its judgment. R.C. 3105.171(I); Weller v. Weller
(1996), 115 Ohio App.3d 173, 178. "Where there is confusion over the interpretation to be given to a particular clause, the trial court * * * has the power to hear the matter, clarify the confusion, and resolve the dispute." In re Dissolution of Marriage of Seders (1987),42 Ohio App.3d 155, 156-157.
The court has broad discretion in clarifying ambiguous language by considering not only the intent of the parties but the equities involved, and a reviewing court will not reverse its interpretive decision absent an abuse of discretion. Id. at 156. An abuse of discretion connotes more than an error of law or judgment, but implies that the judgment can be characterized as unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
Retirement benefits or the right to receive retirement benefits accumulated during the marriage are marital property, which the court must equitably divide and distribute between husband and wife in a divorce. See R.C. 3105.171(A)(3)(a)(i). The trial court has broad discretion in dividing the benefit. An equal division is presumed under the statute to be an equitable division. In order to reach an equitable result, the court should attempt to preserve the pension or retirement asset in order that each party can procure the most benefits, while disentangling the parties' economic partnership so as to create a conclusion and finality to their marriage. Hoyt v. Hoyt (1990),53 Ohio St.3d 177, 178. Hoyt stressed that in making a division of the retirement asset the court "must understand the intricacies and terms of any given plan and, if necessary, require both of the parties to submit evidence on the matter in order to make an informed decision." Id. at 181.
Initially, we note that the trial court properly had jurisdiction over this matter. The facts of this case present a good faith confusion over the requirements of the court's decree; thus, it was properly within the trial court's power to enforce its decree, to hear this matter, clarify the confusion and resolve the dispute.
The parties' divorce decree did not address how Richard's pension would be divided in the event he elected an early retirement. The divorce decree also did not specifically limit Judith's marital portion to a certain portion of the pension plan. The trial court's decision that the fist three QDRO's were in conflict with the parties' original intent in their divorce decree is neither unreasonable, arbitrary or unconscionable. As such, the trial court properly considered the intent of the parties and the equities in this case.
We cannot say that the trial court abused its discretion in clarifying the provisions set forth in the parties' divorce decree that Judith's marital portion of Richard's pension "applies to all pension benefits available to [Richard] through the General Motors Corporation, including but not limited to early retirement supplements and all portions of [Richard's benefit] package which are considered retirement/pension benefits." Richard's second and third assignments of error are overruled.
 III.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED IN GRANTING THE APPELLANT'S MOTION UNDER [CIV.R.] 60(B).
In his first assignment of error, Richard challenges the trial court's decision to grant Judith's Civ.R. 60(B)(5) motion for relief from judgment.
To prevail on a motion for relief from judgment pursuant to Civ.R. 60 (B), the movant must establish three requirements: 1) the party has a meritorious defense or claim to present if relief is granted; 2) the party is entitled to relief under one of the grounds stated in Civ.R. 60 (B)(1) through (5); and 3) the motion is made within a reasonable time.G.T.E. Automatic Electric v. A.R.C. Industries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. All three requirements must be satisfied before a Civ.R. 60(B) motion can be granted. Rose Chevrolet, Inc. v.Adams (1988), 36 Ohio St.3d 17, 20. The decision as to whether to grant relief from judgment is entrusted to the sound discretion of trial court, and the ruling will not be disturbed on appeal absent a showing of abuse of discretion. Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77.
We begin with the timeliness of the Civ.R. 60(B)(5) motion. Judith filed her Civ.R. 60(B) motion almost six years after the fourth QDRO was filed with the trial court. Civ.R. 60(B) states that a (B)(5) motion must be made within a reasonable time after the court enters its judgment. Judith's timeliness was reasonable because, after the parties filed their fourth QDRO in 1994, Judith had no reason to file a motion for relief from judgment until Richard sought early retirement. After Richard's early retirement, Judith discovered that she was receiving her marital portion on only a fraction of Richard's monthly benefit payments. Thus, under the circumstances, Judith's Civ.R. 60(B)(5) motion was filed within a reasonable time. See Gearhart v. Gearhart (Nov. 19, 1999), Montgomery App. No. 17725, unreported.
Having previously discussed that the results of the finalized QDRO's were not in accord with the parties' divorce decree, we find that Judith had a meritorious claim and that she was entitled to Civ.R. 60(B)(5) relief. The trial court did not abuse its discretion in granting Judith's Civ.R. 60(B)(5) motion. Accordingly, Richard's first assignment of error is overruled.
 IV.
Having overruled Richard's three assignments of error, we affirm the judgment of the trial court.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant/Cross Appellee.
Exceptions.
BATCHELDER, P.J., WHITMORE, J. CONCUR.
[1] At oral argument, Judith conceded that the trial court's August 2, 2001 Nunc Pro Tunc order provided the relief she was seeking on appeal. Accordingly, we shall consider Judith's assignments of error to have been withdrawn and proceed in the consideration only of Richard's cross-appeal.