This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Elizabeth Hyder (fka Elizabeth Pizer), appeals from the judgment of the Summit County Court of Common Pleas, Domestic Relations Division, which denied Appellant's objections to the magistrate's decision. We reverse.
In 1987, Appellant and Appellee, Dale Pizer, terminated their marriage and entered into a separation agreement. The separation agreement provided that Appellee would pay one-half of all college expenses for the parties' children. In the fall of 2000, Jessica, the parties' daughter, began attending Miami University. However, Appellee allegedly failed to pay his half of the college expenses. As a result, Appellant moved the trial court to find Appellee in contempt and to enter a judgment against Appellee for any and all college expenses she paid on behalf of Jessica. The magistrate found Appellee in contempt and awarded Appellant a judgment for the college expenses. Although the magistrate awarded Appellant a judgment, the judgment was not equivalent to one-half of the college expenses Appellant expended to send Jessica to Miami University. Therefore, Appellant objected to the magistrate's decision. The trial court denied Appellant's objections. Appellant timely appeals raising three assignments of error for review. We will address assignments of error one and three together as they concern similar issues of law and fact.
 ASSIGNMENT OF ERROR I The court erred in modifying the parties['] separation agreement where the language of the agreement is clear and unambiguous.
 ASSIGNMENT OF ERROR III The court erred in modifying the parties['] agreement because of its apparent belief that the separation agreement was now unfair to Appellee.
In her first assignment of error, Appellant alleges that the language of the parties' separation agreement is clear and unambiguous; therefore, the trial court erred in modifying the separation agreement. In her third assignment of error, Appellant alleges that the trial court erroneously modified the separation agreement based on its belief that the agreement was now unfair to Appellee. Appellant's allegations are well taken.
A separation agreement is a contract between the parties; therefore, it is subject to the same rules of construction that govern contracts.Forstner v. Forstner (1990), 68 Ohio App.3d 367, 372. The determination as to whether a contract is ambiguous is a matter of law. Brennan v.Brennan (Sept. 23, 1994), Erie App. No. E-94-16, unreported, 1994 Ohio App. LEXIS 4332, at *7.
An appellate court applies the abuse of discretion standard when reviewing a trial court's decision regarding domestic relations cases and, specifically, when determining whether a separation agreement is ambiguous. Booth v. Booth (1989), 44 Ohio St.3d 142, 144; In reDissolution of Marriage of Seders (1987), 42 Ohio App.3d 155, 156. An abuse of discretion suggests more than an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. It implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable.Id.
"The trial court has broad discretion in clarifying ambiguous language by considering not only the intent of the parties but [also] the equities involved." In re Dissolution of Marriage of Seders,42 Ohio App.3d at 156. Despite this broad discretion, if no ambiguity exists, the trial court may not construe, clarify, or interpret the separation agreement to mean anything outside of that which it specifically states. Dzeba v.Dzeba (Dec. 1, 1993), Summit App. No. 16225, unreported, at 4. Moreover, the trial court must defer to the express terms of the contract and interpret it according to its plain, ordinary, and common meaning.Forstner, 68 Ohio App.3d at 372. A separation agreement is not ambiguous if its terms are clear and precise. See Ryan v. Ryan (Oct. 27, 1999), Summit App. No. 19347, unreported, at 5, citing Lawler v. Burt (1857),7 Ohio St. 340, 350.
In the instant case, the trial court concluded that the provision regarding the payment of college expenses was "vague, overbroad, and general." As a result of its determination that the provision was ambiguous, the trial court considered Appellee's ability to pay in making its modification to the separation agreement.
Upon a review of the college expenses provision, we find that this provision is clear and unambiguous. The provision states as follows:
 Husband further agrees to pay one-half of all college expenses for the children.
The language precisely states what Appellee must pay. Accordingly, the trial court abused its discretion in modifying the separation agreement as no ambiguity lies in the college expenses provision. Furthermore, the trial court should have interpreted the provision according to its plain, ordinary, and common meaning; therefore, it follows that the trial court abused its discretion by considering the equities of the parties, namely, the alleged unfairness to Appellee. See In re Dissolution ofMarriage of Seders, 42 Ohio App.3d at 156. Consequently, Appellant's first and third assignments of error are sustained.
 ASSIGNMENT OF ERROR II The court erred in modifying the parties['] agreement to the cost of the University of Akron or Kent State University where no evidence was produced as to those costs.
In her second assignment of error, Appellant avers that the trial court erroneously used the cost of the University of Akron and Kent State University when modifying the separation agreement because neither party produced evidence regarding those costs. In light of our disposition in assignments of error one and three, we need not address this assignment of error. See App.R. 12(A)(1)(c).
Appellant's assignments of error one and three are sustained, and her second assignment of error is not addressed. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is reversed.
Judgment reversed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellee.
Exceptions.
BAIRD, J., BATCHELDER, J. CONCUR.