DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from an order of the Erie County Court of Common Pleas, Domestic Relations Division, approving a Qualified Domestic Relations Order.
 {¶ 2} When appellant, Robert Huckle, and appellee, Shirley Huckle, were divorced in 1985, the court ordered appellant's employer to pay $224.50 per month, "* * * at such time as the [appellant] begins to collect any pension benefits or other similar benefits or benefits paid to him in lieu of pension benefits by his employer. This order shall be deemed to be a qualifying order in regard to the [appellant] Robert J. Huckle's pension. This Court specifically reserves the jurisdiction and right to enter any further orders that may be necessary from time to time in the future in order to effectuate and carry out the terms of this paragraph of this Judgment Entry in order to insure that the [appellee] receives the sum of Two Hundred Twenty-four and 50/100 ($224.50) Dollars per month in accordance with the terms of this Entry. This court specifically reserves the right to make any other individuals, corporations, partnerships or entities of any type or kind whatsoever a party to this action in order to effectuate and carry out the terms of this provision of this order[.]"
 {¶ 3} A copy of the 1985 decree was provided to appellant's employer who advised appellee that a formal Qualified Domestic Relations Order ("QDRO") was needed. On June 19, 2001, appellee submitted a QDRO to the court for approval. The document submitted allowed appellee to collect benefits from appellant's pension until her death. It also provided that appellee could elect, at her option, to begin collecting reduced benefits from appellant's pension even prior to his retirement.
 {¶ 4} Appellant contested the terms of the QDRO and the matter proceeded to a hearing before a magistrate. At that hearing, appellant's benefit plan supervisor testified that indeed the plan as submitted allowed appellee to collect benefits prior to appellant's retirement, but the amount received would be actuarially adjusted. The amount deducted from appellant's account would be the same $224.50 originally ordered, irrespective of when appellee elected to begin receiving benefits. Nevertheless, the magistrate concluded that the QDRO presented was an impermissible modification of the parties' property settlement and denied its approval.
 {¶ 5} Appellee appealed the magistrate's decision to the trial court which concluded that the QDRO was not a modification, but a clarification of an ambiguous portion of the 1985 decree. Moreover, the court found that since the clarification had absolutely no effect on the pension amount appellant would be entitled to, it was equitable to approve the QDRO as submitted. On this finding, the court overruled the magistrate's decision and approved the QDRO.
 {¶ 6} From this judgment, appellant now brings this appeal. Appellant sets forth the following single assignment of error:
 {¶ 7} "The trial court erred in overruling Magistrate Croteau's decision and ordering that the payments to be made to plaintiff-appellee be based upon her life. The trial court, in so doing, improperly modified the property division set forth in the judgment entry dated June 21, 1985."
 {¶ 8} A QDRO is an instrument which creates an alternative payee's right to some or all of a retirement plan participant's benefits. Hoytv. Hoyt (1990), 53 Ohio St.3d 177, 179-180, citing the Employee Retirement Income Security Act of 1974 ("ERISA") and the Retirement Equity Act of 1984. A QDRO permits the transfer of benefits to a former spouse without triggering antialienation provisions in the plan. Id. at 180.
 {¶ 9} A QDRO must specify:
 {¶ 10} "(1) the name and last known mailing address of the participant and each alternate payee covered by the order, (2) the amount or percentage of the participant's benefit to be paid by the plan or the manner in which such amount or percentage is to be determined, (3) the number of payments or the period to which the order applies, and (4) each plan to which the order applies." Id. at fn. 9, citing ERISA Section 206(d)(3)(C)(i) through (iv), codified at 29 U.S. Code 1056(d)(3)(C)(i) through (iv).
 {¶ 11} The issuance of a QDRO by a domestic relations court in a divorce or dissolution effects a property division and is not subject to further modification. R.C. 3105.171(I); McKinney v. McKinney (2001),142 Ohio App.3d 604, 608. However, where the decree is ambiguous, incomplete or confusing, the court has the authority to interpret and clarify the issue. In re Dissolution of Marriage of Seders (1987),42 Ohio App.3d 155, 156-157. In doing so, the court has the discretion to clarify ambiguities, taking into consideration the original intent of the order and the present equities of the situation. Id. at 156. Matters within the discretion of the court will not be reversed on appeal absent an abuse of discretion. An "abuse of discretion" is more than an error of law or a lapse of judgment, the term connotes that the court's attitude is arbitrary, unreasonable or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 218-219.
 {¶ 12} In this matter, there is no question that the 1985 decree failed to specify the number of payments to be made or the period to which the order applied. To that extent, the decree was insufficient to satisfy the requirements of a valid QDRO, see 29 U.S. Code 1056(d)(3)(C)(iii), and required clarification. It is undisputed that the clarification the court approved does not affect the sum appellant will receive from his retirement plan.
 {¶ 13} Absent some detriment to appellant, we cannot say that the trial court's clarification was arbitrary, unreasonable or unconscionable. Accordingly, appellant's sole assignment of error is not well-taken.
 {¶ 14} On consideration whereof, the judgment of the Erie County Court of Common Pleas, Domestic Relations Division, is affirmed. Costs to appellant.
 JUDGMENT AFFIRMED.
Knepper and Pietrykowski, JJ., concur.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.