DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Lucas County Common Pleas Court, Domestic Relations Division, which exercised jurisdiction and ordered the filing of a division of property order ("DOPO") on appellant's school employee retirement system ("SERS") pension apportioning a 50 percent share of appellant's SERS monthly retirement pension benefit to be payable to his ex-wife, appellee. *Page 2 
 {¶ 2} For the reasons set forth below, this court affirms the trial court judgment in exercising jurisdiction, reverses the trial court judgment apportioning the SERS benefits on a 50-50 basis, and remands this matter to the trial court for a DOPO to be issued apportioning the pension benefits on a mathematical basis in conformity with the statutory calculations mandated by R.C. 3105.82.
 {¶ 3} Appellant, Richard W. Long, sets forth the following two assignments of error:
 {¶ 4} "I. The trial court lacked jurisdiction to order the preparation and filing of a division of property order.
 {¶ 5} "II. The trial court erred when it improperly calculated appellee's interest in appellant's retirement benefits."
 {¶ 6} The following undisputed facts are relevant to the issues raised on appeal. On January 4, 1958, the parties were married. On May 12, 1989, the parties filed a petition for Dissolution of Marriage. On July 31, 1989, a decree of Dissolution of Marriage was issued.
 {¶ 7} A qualified domestic relations order ("QDRO") was approved by the parties and attached to the dissolution decree. A QDRO is a domestic relations order which recognizes the right of an alternative payee to receive all or a portion of the retirement benefits payable to a retirement plan participant. Section 206(d)(3)(i)(I) and Section 414(p)(1)(A)(i), Title 26, U.S. Code. The QDRO submitted by the parties stated that appellee's share of appellant's SERS pension benefit would be 50 percent at the time of appellant's retirement. *Page 3 
 {¶ 8} Neither the trial judge nor the SERS plan administrator would approve or execute the submitted QDRO as any alienation or apportionment of an individual's SERS pension was statutorily prohibited when the QDRO was submitted.
 {¶ 9} On November 14, 1989, the parties executed an agreement that sought to accomplish the goals of their separation agreement, including the proposed future division of appellant's SERS retirement benefit. The matter lay dormant until several years following appellant's retirement.
 {¶ 10} On February 1, 2003, appellant retired. On March 10, 2004, appellee filed a motion to show cause and requested issuance of a DOPO consistent with the terms of the separation agreement regarding appellant's SERS retirement benefits.
 {¶ 11} On August 9, 2004, the trial court found appellant in contempt of court. On July 29, 2005, in the matter of Long v. Long, 6th Dist. No. L-04-1280, 2005-Ohio-3866, this court held that the trial court erred in holding appellant in contempt of court and remanded for further proceedings.
 {¶ 12} On February 9, 2006, appellee filed another motion for issuance of a DOPO regarding the SERS retirement benefits. On June 15, 2006, appellant filed a motion to dismiss. On January 4, 2007, a magistrate's decision was issued ordering appellant's counsel to file a DOPO apportioning appellant's SERS retirement benefits consistent with the prior agreement of the parties. Both parties filed objections.
 {¶ 13} On July 9, 2007, the trial court issued its judgment in response to the objections. The trial court held, in relevant part, that it had jurisdiction to issue the DOPO requested by appellee and also held that the DOPO adhere to the terms of the *Page 4 
QDRO, thereby effectively ordering that appellant's SERS benefits be apportioned on a 50-50 basis. Appellant filed a timely notice of appeal.
 {¶ 14} In his first assignment of error, appellant asserts that the trial court lacked the jurisdiction to order issuance of the DOPO. In support, appellant notes that the proposed terms of the QDRO were not statutorily permissible at the time the decree of dissolution of marriage was filed. The law at that time prohibited the division of a SERS pension by a QDRO. As such, the QDRO was rejected by the SERS plan administrator and was not signed by the trial judge. Given these facts, appellant maintains that the trial court lacked any jurisdiction to order issuance of a DOPO in 2007, enforcing the original terms of the 1989 QDRO which were not permissible at the time of the filing of the decree of dissolution.
 {¶ 15} In support of its judgment that it had jurisdiction to order the DOPO of appellant's SERS pension benefits, the trial court cited and relied upon its authority pursuant to R.C. 3105.89(B).
 {¶ 16} R.C. 3105.89(B) authorizes trial courts to modify orders issued under the laws existing prior to the January 1, 2002 effective date of that law "for the purpose of enforcing the order or carrying into effect the manifest intentions of the parties." R.C. 3105.89 requires any modification orders issued under that statute comply with the statutory mathematical calculation requirements of R.C. 3105.82.
 {¶ 17} Other Ohio appellate courts have been confronted with this same legal issue. In a relevant public employee divorce case analyzing this issue, the Twelfth District Court of Appeals recognized the authority granted by R.C. 3105.89. Despite the *Page 5 
QDRO's violation of anti-alienation provisions of the public employee retirement system ("PERS") plan, the case was remanded to the trial court for issuance of a DOPO of the PERS pension benefit pursuant to the current statutes set forth in R.C. 3105.80 through 3105.90.Patterson v. Patterson, 151 Ohio App.3d 574, 2003-Ohio-709.
 {¶ 18} Similarly, this court has recognized the power of the trial court to clarify and construe clauses of dissolution decrees where there is confusion over the proper interpretation of a particular clause in order to resolve the dispute. Yarder v. Scherer, 6th Dist. No L-03-1035,2003-Ohio-6744 citing In re Dissolution of Marriage of Seders (1987)42 Ohio App.3d 155.
 {¶ 19} Given the power granted by R.C. 3105.89 and the above-cited caselaw supporting jurisdiction, we find the trial court properly exercised its jurisdiction in ordering the issuance of a DOPO to effectuate apportionment of appellant's SERS pension benefits. We find appellant's first assignment of error not well-taken.
 {¶ 20} In his second assignment of error, appellant asserts that the trial court erred in its judgment that appellant's SERS benefits be allocated between the parties on a 50-50 basis. In support, appellant maintains that a DOPO may only be filed and approved if it is in full compliance with all relevant laws.
 {¶ 21} R.C. 3105.83 establishes in pertinent part that, "An order * * *shall not require a public retirement program to take any action or provide any benefit, allowance, or payment not authorized under the law governing the public retirement program." R.C. 3105.82(2)(a) and (b) establish a precise mathematical formula to be utilized in *Page 6 
calculating the amount of a public retirement benefit to be allocated to an alternative payee such as appellee.
 {¶ 22} The record of evidence shows that the disputed trial court judgment did not factor in or comply with the mandatory statutory calculations, established by R.C. 3105.82. On the contrary, a 50-50 basis of allocation was ordered which conflicts with the statutory fraction formula set by R.C. 3105.82(2)(a) and (b). The statute requires the numerator of the benefit percentage fraction to be the number of years during which appellant was both married to appellee and contributing to the public retirement program. The statute requires the denominator of the benefit percentage fraction to be appellant's total years of service credit.
 {¶ 23} The record establishes that the trial court failed to utilize or order to be utilized the R.C. 3105.82(2)(a) and (b) statutorily mandated calculations in determining the percentage of appellant's monthly SERS benefits to be paid to appellee. A valid and enforceable DOPO must comply with the calculations established by R.C. 3105.82(2)(a) and (b). We find appellant's second assignment of error well-taken.
 {¶ 24} The trial court properly exercised jurisdiction in ordering a DOPO to be filed apportioning appellant's SERS retirement benefits. However, the trial court improperly ordered the benefits to be apportioned between the parties on a 50-50 basis contrary to the statutory fraction calculation formula mandated by R.C. 3105.82(2)(a) and (b).
 {¶ 25} Wherefore, the judgment of the trial court in exercising jurisdiction in ordering a DOPO of appellant's SERS retirement benefits is affirmed, the judgment of the *Page 7 
trial court in ordering appellee's interest in appellant's SERS retirement benefits to be calculated under the original QDRO 50-50 basis is reversed, and the matter is remanded to the trial court for a DOPO to be ordered and issued in conformity with the statutory alternative payee calculations established by R.C. 3105.82(2)(a) and (b).
 {¶ 26} Appellant and appellee are each ordered to pay one-half of the cost of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED, IN PART,
REVERSED IN PART, AND REMANDED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Arlene Singer, J., Thomas J. Osowik, J., Concur. *Page 1