OPINION
{¶ 1} Plaintiff-appellant Gary Foith appeals from the March 23, 2004, Judgment Entry of the Stark County Court of Common Pleas, Family Court Division, holding that, pursuant to the terms of the parties' Separation Agreement, defendant-appellee Ingrid Foith is entitled to one-third of plaintiff-appellant's pension.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellant Gary Foith and appellee Ingrid Foith were married on March 20, 1959. On March 29, 1985, appellant and appellee filed a petition for dissolution of marriage. While the couple had two children, both children were emancipated at the time the petition was filed.
 {¶ 3} The Separation Agreement entered into by the parties stated, in relevant part, as follows:
 {¶ 4} "10. PENSION. The Wife shall receive one-third pension income received by the Husband when such payments begin. The Wife shall receive one-third of any benefits from the Husband's pension should the Husband die prior to retirement, provided, however, that the benefits received by the Wife shall not accrue if she should die or remarry. If unmarried, and the Wife's income at retirement is equal to or exceeds the Husband's pension income, Wife shall waive any interest in Husband's pension." (Emphasis added).
 {¶ 5} In addition, pursuant to the terms of the Separation Agreement, appellee was awarded spousal support in the amount of $125.00 a month for four years.
 {¶ 6} On May 20, 1985, a Decree of Dissolution of Marriage was filed adopting and incorporating the Separation Agreement.
 {¶ 7} Subsequently, on September 18, 2003, appellant filed a Motion for Declaratory Relief seeking a declaration that, since appellee's income was equal to or exceeds appellant's pension income, appellant was entitled to his entire pension income in accordance with paragraph 10 of the Separation Agreement. A non-evidentiary hearing on appellant's motion was held on March 1, 2004. At the hearing, appellant's counsel indicated to the court that appellant had been receiving $1,940.00 a month in pension benefits since July of 2003. In turn, appellee's attorney stated to the trial court that appellee was working and earned $27,000.00 a year, or $2,250.00 a month, and that, if appellee were to retire immediately, she would receive retirement income of approximately $1,300.00 a month. However, if appellee waited until she was 65 to retire, her retirement income would increase to $1, 385.00 a month.
 {¶ 8} Following the hearing, the parties, at the direction of the trial court, submitted briefs. Appellant, in his brief, argued that since appellee's income exceeded appellant's pension income by over $310.00 per month,[1] in accordance with the language in paragraph 10 of the Separation Agreement, appellee waived any interest in appellant's pension. In turn, appellee, in her brief, which was accompanied by an affidavit, argued that since her retirement income will be less than appellant's pension income, she "does not waive her right to one-third (1/3) of husband's pension."
 {¶ 9} As memorialized in a Judgment Entry filed on March 23, 2004, the trial court held as follows: "The court determines by the plain language of the parties separation agreement that the petitioner, INGRID FOITH, is entitled to receive 1/3 of any pension payment received by the petitioner, GARY FOITH."
 {¶ 10} It is from the trial court's March 23, 2004, Judgment Entry that appellant now appeals, raising the following assignment of error:
 {¶ 11} "The trial court committed reversible error by entering judgment contrary to the manifest weight of the evidence when finding petitioner entitled to one-third of appellant's pension."
 I {¶ 12} Appellant, in his sole assignment of error, argues that the trial court erred in holding that, pursuant to the language in paragraph 10 of the parties' Separation Agreement,[2] appellee was entitled to one-third of appellant's pension. We disagree.
 {¶ 13} It is well settled that separation agreements are contracts, subject to the same rules of construction of other contracts, to be interpreted so as to carry out the intent of the parties as that intent is evidenced by the contractual language. Brown v. Brown (1993),90 Ohio App.3d 781, 784, 630 N.E.2d 763. Where there is confusion over the interpretation to be given a particular clause in a separation agreement, the trial court in enforcing the agreement has the power to hear the matter, clarify the confusion, and resolve the dispute. In reDissolution of Marriage of Seders (1987), 42 Ohio App.3d 155, 157,536 N.E.2d 1190, 1192-93. The trial court has broad discretion in clarifying ambiguous language by considering not only the intent of the parties but the equities involved. Id. at 156, 536 N.E.2d at 1192. Absent a showing of an abuse of discretion, an interpretive decision by the trial court cannot be disturbed upon appeal. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 450 N.E.2d 1140.
 {¶ 14} At issue in the case sub judice is the meaning of the sentence "[i]f unmarried, and the Wife's income at retirement is equal to or exceeds the Husband's pension income, Wife shall waive any interest in Husband's pension." (Emphasis added). As is stated above, appellant argues that since appellee's income of $27,000.00 per year (or $2,250.00 per month) is higher than appellant's pension income of $1,940.00 per month, appellee has waived any interest in his pension. Appellee, in the alternative, argues that the phrase "at retirement" refers to appellee's income at the time of her retirement. Appellee contends that since her income at such time will be less than $1,940.00 a month, she has not waived her interest in appellant's pension.
 {¶ 15} We concur with the trial court that the language "at retirement" refers to appellee's income at the time of her own retirement rather than at the time of appellant's retirement. Since paragraph 10 of the parties' Separation Agreement does not read "if wife's income is equal to or exceeds husband's income at the time of husband's retirement", the logical conclusion is that the phrase "at retirement" refers to appellee's income at the time of her own retirement. From the evidence presented to the trial court, it is clear that appellee's retirement income will be less than the $1,940.00 a month that appellant receives.
 {¶ 16} Based on the foregoing, we concur with the trial court that appellee has not waived any interest in appellant's pension income and, in accordance with paragraph 10 of the Separation Agreement, is entitled to one-third of the same.
 {¶ 17} Appellant's sole assignment of error is, therefore, overruled.
 {¶ 18} Accordingly, the judgment of the Stark County Court of Common Pleas is affirmed.
Edwards, J. Hoffman, P.J. and Farmer, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas, Domestic Realtions Division, is affirmed. Costs assessed to appellant.
[1] Such figure is arrived at by deducting appellant's pension of $1,940.00 a month from appellee's income of $2,250.00 a month.
[2] Judge Julie A. Edwards, the writing Judge in this case, was the Referee in 1985 who recommended that the Separation Agreement be approved, adopted and incorporated by the trial court. Appellate counsel were advised of such fact and have both indicated that they have no problem with Judge Edwards continuing on this case.