OPINION
{¶ 1} Plaintiff-appellant, Michael Herold, appeals the decision of the Butler County Court of Common Pleas, Domestic Relations Division, interpreting ambiguous language contained in an agreed entry related to a divorce settlement. We affirm the trial court's decision.
 {¶ 2} The parties were divorced in December 2003. An appeal followed but was dismissed when the parties came to an agreement as to the disputed issues. On April 13, 2004, the trial court filed an entry setting forth the terms of the parties' agreement. Pertinent to the present appeal, the entry ordered that the marital residence be sold and that:
 {¶ 3} "From Mr. Herold's one-half of the sale proceeds, wife, at closing, shall receive $50,000.00 for full payment and satisfaction of all child support and spousal support obligations, both past and future."
 {¶ 4} "As of April 12, 2004, Mr. Herold's support obligations shall be terminated and no arrearage and child and spousal support exists."
 {¶ 5} The parties entered into a contract for the sale of the residence. At the June 28, 2004 closing, a dispute arose as to the characterization of the $50,000 payment to appellee. Appellant contended that the parties had agreed that the payment would be allocated between child and spousal support. For tax reasons, appellant contended that the payment should be characterized primarily as spousal support. Appellee contended that they had agreed that the payment would be characterized as a distribution of marital property for which she would incur no tax liability. The dispute prevented the sale from occurring as scheduled and appellee filed motions seeking to find appellant in contempt and to set aside the April 13, 2004 agreed entry.
 {¶ 6} At a hearing on the motions, the trial court indicated that it would set aside the agreed entry, and reinstate the terms of the parties' divorce decree, due to the entry's failure to specify the nature of the payment. Appellant acknowledged that he did not want the entry to be set aside, but rather that he desired the trial court to make a ruling on the nature of the payment. The trial court subsequently issued its decision, finding that "the payment is a property division in lieu of child and spousal support. As such, it is not taxable to [appellee]." From this decision, appellant appeals, raising a single assignment of error:
 {¶ 7} "THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT WHEN IT REFUSED TO DESIGNATE THE PROCEEDS FROM THE SALE OF THE HOUSE AS IN THE NATURE OF CHILD AND SPOUSAL SUPPORT."
 {¶ 8} It is well-settled that agreements resolving issues incident to divorce are contracts, subject to the same rules of construction of other contracts, to be interpreted so as to carry out the intent of the parties as that intent is evidenced by the contractual language. See Brown v.Brown (1993), 90 Ohio App.3d 781, 784, 630. Where there is confusion over the interpretation to be given a particular agreement, the trial court in enforcing the agreement has the power to hear the matter, clarify the confusion, and resolve the dispute. In re Dissolution ofMarriage of Seders (1987), 42 Ohio App.3d 155, 157. The trial court has broad discretion in clarifying ambiguous language by considering not only the intent of the parties but the equities involved. Id. at 156. "Absent a showing of an abuse of discretion, an interpretive decision by the trial court will not be disturbed upon appeal." Foith v. Foith, Stark App. No. 2004CA00107, 2005-Ohio-490, ¶ 13; see, also, Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 9} Upon review of the record in the instant matter, we find that the trial court did not abuse its discretion when it characterized the payment as a distribution of marital property "in lieu of child and spousal support." The parties acknowledge without dispute that the payment will be made from the proceeds of the sale of marital property. While the lump sum payment stands in place of child and spousal support ordered in the decree of divorce, it is undeniable that the payment results from the division of marital property. Consequently the trial court did not abuse its discretion when it characterized the payment as part of the property division rather than support. See Foith; See, e.g., Kaster v. Kaster
(Sept. 6, 1994), Carroll App. No. 627 (trial court did not abuse its discretion by making property division which included lump sum amount for spousal support). The assignment of error is overruled.
 {¶ 10} Judgment affirmed.
Young and Bressler, JJ., concur.