OPINION
{¶ 1} Defendant-appellant, Steven Manker, appeals the judgment of the Clermont Court of Common Pleas, Domestic Relations Division, interpreting language contained in a dissolution agreement, a contempt finding and an award of attorney fees. We affirm the domestic relations court's construction of the dissolution agreement, but reverse the contempt finding and award of attorney's fees.
 {¶ 2} In 2004, appellant and appellee, Theresa Manker, filed for a dissolution of Clermont CA2005-12-106 marriage. Neither party was represented by counsel. They prepared a pro se separation agreement obtained from a company that sells form legal documents for use in uncontested legal matters. On June 23, 2004, a dissolution hearing was conducted and the domestic relations court filed an order setting forth the terms of the separation agreement and dissolution decree.
 {¶ 3} Pertinent to the present appeal, Article Fifteen of the decree of dissolution states, "We agree to the following additional matters: The following expenses will be paid by: Catholic education through middle school, Father 100%. Catholic high school, Father 100% if Father has the income to do it. College, mother 50% and father 50%."
 {¶ 4} This provision in the form separation agreement was hand-written by the parties; however, it was unpunctuated.[1] Punctuation was added by the domestic relations court when the handwritten form was given to the court when the parties filed for the dissolution. The court inserted the punctuation when the form was reduced to a typewritten version, which was signed by the parties and entered as the final decree.
 {¶ 5} When the parties left the courthouse on the day of the dissolution hearing, they had a discussion in the parking lot regarding the payment of their children's school expenses. Testimony revealed that appellee agreed to pay their daughter's parochial school tuition if appellant would pay for their son's college loan.[2] Following the dissolution, appellant made all payments on the college loan, including the delinquency that had accrued since the parties separated, but neither party made any payments on the daughter's parochial school tuition.
 {¶ 6} On March 7, 2005, appellee filed a motion for contempt against appellant to enforce the decree and require him to pay the parochial school tuition. After a hearing, the domestic relations court concluded that the dissolution decree is unambiguous with respect to appellant's obligation to pay, that appellant failed to establish an inability to pay the tuition, and that appellant has not paid for sixth and seventh grade tuition. As a result, the court found appellant in contempt, ordered him to pay the $2,673.50 balance owed for the tuition and also ordered him to pay appellee's attorney fees in the amount of $1,286.25. Appellant timely appeals, raising three assignments of error.
 {¶ 7} Assignment of Error No. 1:
 {¶ 8} "THE TRIAL COURT ERRED IN FINDING APPELLANT IN CONTEMPT FOR HIS FAILURE TO PAY PRIVATE SCHOOL TUITION BECAUSE THE PARTIES ENTERED INTO AN AGREEMENT WHICH RELIEVED HIM OF ANY OBLIGATION TO DO SO."
 {¶ 9} In his first assignment of error appellant argues the trial court erred by finding him in contempt because he was induced by appellee to not pay the parochial school tuition due to the collateral agreement.
 {¶ 10} In reviewing a finding of contempt by a trial court, an abuse of discretion standard applies. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 218. "An abuse of discretion connotes more than merely an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable." Id. at 219. Contempt is defined as the disobedience of a court order. Windham Bank v.Tomaszczyk (1971), 27 Ohio St.2d 55, 58. "It is conduct which brings the administration of justice into disrespect, or which tends to embarrass, impede or obstruct a court in the performance of its functions." Id. "A trial court's finding of contempt must be supported by clear and convincing evidence." Marden v. Marden (1996), 108 Ohio App.3d 568, 570. "Clear and convincing evidence Clermont CA2005-12-106 implies that the trier of fact must have a firm conviction or belief that the facts alleged are true." Id.
 {¶ 11} The domestic relations court held appellant in contempt for failing to pay the parochial school tuition in violation of the court-ordered decree. Appellant argues the discussion of the parties following the dissolution hearing resulted in a modification of the separation agreement. Appellant further argues that he should not be held in contempt for failing to pay the parochial school tuition.
 {¶ 12} The record reveals that as the parties left the dissolution hearing and discussed the tuition payment, appellee invited the discussion to swap tuition duties. Appellant had a genuine belief that an agreement was made between the parties regarding the college loan and parochial school tuition. Appellant's actions also show this belief. Following the discussion, appellant made every payment on the college loan for their son, including paying the entire delinquency that had accrued on the loan.
 {¶ 13} Appellee, on the other hand, did not make any payments on the daughter's parochial school tuition. Appellant assumed that during those ten months appellee was paying the tuition. Appellant did not become aware that the tuition was unpaid until appellee filed for contempt and he received notice of the hearing. The failure to comply with the separation agreement was not self-imposed by appellant. For almost ten months after the dissolution, appellee received bills from the parochial school, but never sent any of the bills to appellant nor demand he make a payment. She waited ten months, allowed the tuition to compound, and then brought a motion for contempt against appellant. She never talked with appellant about the tuition payment or forwarded a bill to him. As a result, appellant should not have been held in contempt because appellee caused appellant's nonpayment of the tuition. Accordingly, we reverse the domestic relations court's contempt finding.
 {¶ 14} Appellant's first assignment of error is sustained. Clermont CA2005-12-106
 {¶ 15} Assignment of Error No. 2:
 {¶ 16} "THE TRIAL COURT ERRED IN FINDING APPELLANT IN CONTEMPT FOR HIS FAILURE TO PAY PRIVATE SCHOOL TUITION BECAUSE THE SEPARATION AGREEMENT WAS INDEFINITE AND UNENFORCEABLE."
 {¶ 17} Although appellant's assignment of error challenges the contempt finding, the argument in his brief addresses the construction of the separation agreement. In his second assignment of error, appellant argues that the language of Article Fifteen is ambiguous and, as a result, he is not obligated to pay the tuition. Since we have already reversed the domestic relations court's finding of contempt, we will only address appellant's responsibility for the tuition obligation in the order.
 {¶ 18} It is well-settled that agreements incident to the dissolution of a marriage are contracts, subject to the same rules of construction of other contracts, to be interpreted so as to carry out the intent of the parties as that intent is evidenced by the contractual language.Brown v. Brown (1993), 90 Ohio App.3d 781, 784. Where there is confusion over the interpretation to be given a particular agreement, the trial court in enforcing the agreement has the power to hear the matter, clarify the confusion, and resolve the dispute. In re Dissolution ofMarriage of Seders (1987), 42 Ohio App.3d 155, 157. The trial court has broad discretion in clarifying ambiguous language by considering not only the intent of the parties but the equities involved. Id. at 156. "Absent a showing of an abuse of discretion, an interpretive decision by the trial court will not be disturbed upon appeal." Foith v. Foith,
Stark App. No. 2004CA00107, 2005-Ohio-490, ¶ 13; Blakemore v.Blakemore, 5 Ohio St.3d at 219.
 {¶ 19} Appellant argues the language of the separation agreement for the payment of the parochial school tuition is ambiguous because no punctuation was included in Article Fifteen. He further argues that the statement "if Father has income to do it" applies to the middle school tuition as well as the high school obligation. Clermont CA2005-12-106
 {¶ 20} The domestic relations court found the language of the agreement unambiguous and that appellant is responsible for the entire amount of the daughter's parochial school tuition. We agree with the court's construction. Regardless of whether punctuation was included in the provision, it is clear that appellant is obligated under the order to pay for the parochial school tuition.
 {¶ 21} Appellant also argues that the clause "if Father has the income to do it" applies to the middle school obligation as well as the high school obligation and he should be able to show his income capacity. Appellant further argues the domestic relations court disregarded his income capacity evidence, finding the language unambiguous as to appellant's obligation to pay the tuition through middle school. At the contempt hearing appellant introduced evidence relating to his ability to pay the tuition. Regardless of whether this provision applies to the middle school tuition, the entry shows the court did take into account appellant's ability to pay. The domestic relations court stated in its ruling that appellant failed to establish an inability to pay the tuition. We find no error in the trial court's finding that appellant failed to establish an inability to pay the tuition. Therefore, under the court order, it is appellant's responsibility to pay the parochial school tuition.
 {¶ 22} Appellant's second assignment of error is overruled.
 {¶ 23} Assignment of Error No. 3:
 {¶ 24} "THE TRIAL COURT ERRED IN ORDERING APPELLANT TO PAY APPELLEE'S ATTORNEY FEES."
 {¶ 25} In his third assignment of error, appellant appeals the court's award of attorney fees. The award was based on the contempt finding which we found was error in the first assignment of error. Therefore upholding the award in this case would be inequitable. Accordingly, we also reverse the award of attorney fees.
 {¶ 26} Appellant's third assignment of error is sustained. Clermont CA2005-12-106
 {¶ 27} Judgment affirmed as to the construction of the dissolution decree, but reversed as to contempt and payment of attorney fees.
[1] Both parties acknowledge in their briefs that Article Fifteen of the separation agreement originally contained no punctuation when the form was filled out by hand. It was hand-written in the form as follows: "We agree to the following additional matters The following expenses will be paid by Catholic education through middle school, Father 100% Catholic high school, Father 100% if father has the income to do it College, mother 50% and father 50%." Punctuation was added by the domestic relations court when the agreement was reduced to a typewritten version for the court order. The order was signed by both parties at the dissolution hearing and entered as the final Decree of Dissolution on June 23, 2004.
[2]. Responsibility for the college loan was not addressed in the Decree of Dissolution.
WALSH and BRESSLER, JJ., concur.